In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas O. MULLIGAN, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Thomas O. MULLIGAN, Respondent.

Supreme Court

*No. 2008AP971–D. Decided January 29, 2009.*

2009 WI 12

(Also reported in 759 N.W.2d 766.)

¶ 1. PER CURIAM. We review a report and recommendation filed by the referee, Reserve Judge James R. Erickson, recommending this court accept the stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Thomas O. Mulligan. Consistent with the terms of that stipulation, the referee recommends this court publicly reprimand Attorney Mulligan for his professional misconduct. No appeal has been filed.

¶ 2. Attorney Mulligan has been licensed to practice law in Wisconsin since 1985. In 1997 Attorney Mulligan received a consensual private reprimand for professional misconduct consisting of failing to properly communicate with his client, failing to return a client's file, failing to refund unearned fees upon termination of representation, and failing to communicate the basis or

rate of his fee within a reasonable time after commencing the representation. *See* Private Reprimand of Thomas O. Mulligan, 1997–25. In 2005 Attorney Mulligan again received a consensual private reprimand for professional misconduct including failing to timely refund an advance payment of fee that had not been earned. *See* Private Reprimand of Thomas O. Mulligan, 2005–10.

██

¶ 3. The present disciplinary matter involves allegations that Attorney Mulligan committed professional misconduct in connection with his handling of an appeal from an unfavorable judgment in a property dispute.

¶ 4. Attorney Mulligan was retained to represent D.C. in connection with a dispute about the terms of a Timber Sale Agency Agreement between D.C. and G.P. and J.P. More specifically, the parties disputed the amount of revenue that G.P. and J.P. should receive from timber harvested on their property by TnT Logging, Inc. On September 30, 2002, G.P. and J.P. filed suit in Burnett County against D.C. individually and against the company. They sought compensation for the timber removed from their property pursuant to the contract, incidental damages to a vehicle and a roadway, along with attorney fees and costs.

¶ 5. D.C. retained Attorney Mulligan to represent both him and the logging company in the lawsuit. The matter was tried to a jury in August of 2003, and the jury returned a verdict in favor of the plaintiffs and against D.C. and the logging company. In November 2003 the trial court entered judgment in favor of G.P. and J.P. in the total amount of $6,943.50. The trial court declined the plaintiffs' request for attorney fees.

¶ 6. G.P. and J.P. appealed the trial court's decision not to award attorney fees. D.C. retained Attorney Mulligan to represent him and the logging company on appeal.

¶ 7. On January 2, 2004, Attorney Mulligan filed a cross-appeal seeking reversal of the jury's finding that a breach of contract had occurred. He argued that the evidence at trial was not sufficient to support the jury's verdict. However, Attorney Mulligan never obtained the transcripts from the trial and never filed a transcript from the jury trial with the court of appeals. Attorney Mulligan never consulted with or advised D.C. that he was proceeding with the appeal without having obtained the trial transcripts. Indeed, Attorney Mulligan did not communicate with his client after January 17, 2004—the date Attorney Mulligan received advance fees to pursue the appeal—until June 3, 2005—the date he notified D.C. of the court of appeals' adverse decision.

¶ 8. In its decision, the court of appeals observed:

> On cross-appeal, [D.C] challenges the sufficiency of the evidence to support the jury's verdict. *His argument, however, is wholly undeveloped and unsupported by any reference to the record or trial testimony.* See Wis. Stat. (Rule) 809.19(1)(e) (2003–04). Because [D.C] proffers no argument susceptible to meaningful appellate review, we affirm the judgment against him.

Emphasis added.

¶ 9. On April 18, 2008, the OLR filed a complaint alleging two counts of professional misconduct related to Attorney Mulligan's handling of the appeal. Subsequently, the OLR moved to dismiss the first count of the complaint and modified the second count to allege that

Attorney Mulligan violated former SCRs 20:1.2(a)[1] and 20:1.4(b)[2] by failing to consult with D.C. regarding his intent to proceed with the appeal without obtaining the trial transcripts and regarding his decision to seek only de novo review of the Timber Sale Contract.[3]

¶ 10. On October 24, 2008, the parties executed a written stipulation in which they stipulated to the facts set forth therein, stated their agreement as to appropriate sanctions, and jointly requested Referee Erickson file a report making findings, conclusions, and a recommendation for discipline.

---

[1] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S. Ct. Order 04–07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06–04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the Wisconsin Supreme Court Rules will be to those in effect prior to July 1, 2007.

Former SCR 20:1.2(a) provided:

> A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall inform a client of all offers of settlement and abide by a client's decision whether to accept an offer of settlement of a matter. In a criminal case or any proceeding that could result in deprivation of liberty, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

[2] Former SCR 20:1.4(b) provided that, "a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[3] Referee Erickson granted the motion to dismiss count one of the complaint and issued an order modifying count two of the complaint on October 8, 2008.

¶ 11. On October 24, 2008, Referee Erickson filed a report approving the stipulation and, consistent with the terms of the stipulation, recommending a public reprimand. He also accepted the parties' agreement that Attorney Mulligan should complete six hours of continuing legal education (CLE) on legal research/writing and six hours of CLE on appellate practice by December 31, 2009. In accepting the stipulation and agreeing with the recommended discipline, the referee noted that he was "satisfied that the discipline proposed by the parties and counsel is fair and reasonable under all the circumstances . . . ." He explicitly noted that no harsher sanction seemed warranted. Finally, he recommended this court impose the costs of the proceeding on Attorney Mulligan. Those costs total $6,114.71 as of November 13, 2008.

¶ 12. We adopt the referee's findings of fact and conclusion that Attorney Mulligan violated former SCRs 20:1.2(a) and 20:1.4(b) by failing to consult with D.C. regarding his intent to proceed with the appeal without obtaining the trial transcripts and regarding his decision to seek only de novo review of the Timber Sale Contract. In determining the appropriate discipline for professional misconduct, we consider the seriousness of the misconduct, the need to protect the public, the courts, and the legal system from repetition of misconduct, the need to impress upon the attorney the seriousness of the misconduct, and the need to deter other attorneys from engaging in similar misconduct. *See In re Disciplinary Proceedings Against Arthur,* 2005 WI 40, 279 Wis. 2d 583, 694 N.W.2d 910. Here, we are satisfied that a public reprimand, together with requiring Attorney Mulligan to complete six hours of CLE on legal research/writing and six hours of CLE on appel-

610

late practice will achieve lawyer discipline objectives. We also impose the costs of this proceeding.

¶ 13. IT IS ORDERED that Thomas O. Mulligan is publicly reprimanded for professional misconduct.

¶ 14. IT IS FURTHER ORDERED that by December 31, 2009, Thomas O. Mulligan shall complete six hours of CLE-approved coursework on legal research/writing and six hours of CLE-approved coursework on appellate practice.

¶ 15. IT IS FURTHER ORDERED that within 60 days of the date of this order Thomas O. Mulligan pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay those costs within that time, the license of Thomas O. Mulligan to practice law in Wisconsin shall be suspended until further order of the court.

¶ 16. MICHAEL J. GABLEMAN, J., did not participate.