# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2011AP2961-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Randy J. Netzer, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant-Respondent, |
| | v. |
| | Randy J. Netzer, Respondent-Appellant. |

---

### DISCIPLINARY PROCEEDINGS AGAINST NETZER

---

| | |
|---|---|
| OPINION FILED: | January 29, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 22, 2013 |

---

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

---

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | ABRAHAMSON, C.J., BRADLEY, J., dissent. (Opinion filed.) |
| NOT PARTICIPATING: | |

---

ATTORNEYS:

For the respondent-appellant, there were briefs and an oral argument by *Randy J. Netzer*, pro se.


For the Office of Lawyer Regulation, there was a brief by *Matthew F. Anich*, Ashland, and an oral argument by *Matthew F. Anich*.

**2014 WI 7**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2011AP2961-D

STATE OF WISCONSIN         :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Randy J. Netzer, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant-Respondent,**

  **v.**

**Randy J. Netzer,**

      **Respondent-Appellant.**

**FILED**

**JAN 29, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1   PER CURIAM.   Attorney Randy J. Netzer has appealed a referee's report finding that he violated SCRs 20:8.4(b) and 21.15(5). The referee recommends that Attorney Netzer's license to practice law in Wisconsin be suspended for 90 days, that various conditions be imposed on his license to practice law, and that he pay the full costs of the proceeding, which are $9,222.21 as of November 5, 2013.

¶2 We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We further determine that a 90-day suspension of Attorney Netzer's license to practice law is an appropriate sanction for his misconduct, and we conclude that conditions should be imposed on Attorney Netzer's reinstatement and that he be required to pay the full costs of the proceeding.

¶3 Attorney Netzer was admitted to practice law in Wisconsin in 1984. He says he has not practiced law to earn a living since 1987, although his state bar membership remains active.

¶4 In 2006, Attorney Netzer received a private reprimand for violating SCR 20:8.4(b) by committing acts resulting in his conviction for one count of misdemeanor stalking and one count of violating a harassment injunction.

¶5 In March 2010 Attorney Netzer was charged with one count of felony stalking—previous conviction, in violation of Wis. Stat. § 940.32(2m)(a), and two misdemeanor counts of violating a harassment injunction, in violation of Wis. Stat. § 813.125(4) and (7). The person allegedly involved in the incidents was Attorney Netzer's former girlfriend, K.M.[1]

---

[1] The stipulation of facts and referee's report refer to Attorney Netzer's former girlfriend as "C.M." However, we note the OLR's complaint, the underlying criminal complaint filed against Attorney Netzer, and other documents of record state the former girlfriend's name is "K.M." Therefore, "K.M." is used to identify the former girlfriend throughout this opinion.

2

¶6  On September 4, 2009, after an approximately 14-month relationship, K.M. sent Attorney Netzer an e-mail saying, "It is over."  K.M. told Attorney Netzer not to contact her in any way and not to send gifts, flowers, or attempt to talk to her in person.

¶7  On September 5, 2009, Attorney Netzer wrote K.M. an e-mail saying he wanted to speak to her face-to-face one more time.  On September 11, 2009, Attorney Netzer sent K.M. a postcard from New York.  K.M. rejected Attorney Netzer's further attempts at contact.

¶8  On October 4, 2009, K.M. went to the City of La Crosse police department and filed a complaint in reference to Attorney Netzer possibly stalking her.  K.M. said she had advised her employer about her concerns regarding Attorney Netzer, and the employer set up surveillance cameras around her workplace.  K.M. told police she had made drastic lifestyle changes because of Attorney Netzer not complying with her demand that he stay away from her.  A City of La Crosse police officer telephoned Attorney Netzer, advised him about the complaint, and said if his conduct continued, stalking charges would be filed.  Attorney Netzer acknowledged it was wrong to stalk someone and he promised not to stalk K.M.

¶9  On October 10, 2009, Onalaska police responded to a call about a suspicious dark blue Kia Sportage registered to Attorney Netzer parked on a road in proximity to K.M.'s condominium.  Police located Attorney Netzer running in the vicinity, and they arrested him.

3

¶10 On November 6, 2009, a harassment injunction was issued against Attorney Netzer.  The circuit court affirmed the injunction following a de novo hearing on November 19, 2009.  The injunction was to remain in effect until November 6, 2013.  Attorney Netzer was required to have no contact of any kind with K.M.

¶11 On December 31, 2009, Attorney Netzer placed a "Happy/Sunshine" ad in the La Crosse Tribune, saying, "Dear Muffinz, Thanks for a great 2008.  Please forgive me for 2009.  Happy New Year 2010.  Love Forever, Koala."  K.M. and Attorney Netzer had exchanged these nicknames during their relationship.

¶12 On January 24, 2010, Attorney Netzer placed an ad in the La Crosse Tribune wishing K.M.'s mother a happy birthday.  The ad was signed with the names of K.M.'s cats.

¶13 On February 14, 2010, Attorney Netzer placed another "Happy/Sunshine" advertisement in the La Crosse Tribune telling K.M., "I may no longer be in your heart, but you will always be forever the only one in mine.  For you to be happy is all I ever have wanted and that is what I wish for you now.  HAPPY VALENTINES DAY.  Love, Randy and Kitties. . . ."

¶14 Attorney Netzer placed each of the newspaper ads by calling a telephone number for the Coulee News.  He claimed he thought he was placing the ads in the Coulee News newspaper but the ads were published in the La Crosse Tribune by mistake.  He said he did not realize the mistake until after the ads had been published in the La Crosse newspaper.

4

¶15 On March 8, 2010, Attorney Netzer was arrested for violating the November 6, 2009 harassment injunction. The following day he was criminally charged. As a condition of a $3,000 cash bond, he was required to have no contact with K.M., her residence, or her workplace. He was fitted with a Global Positioning System (GPS) to ensure he did not travel to any exclusion zones. He was purportedly told he was excluded from the Valley View Mall.

¶16 On April 2, 2010, the OLR sent Attorney Netzer a notice of formal investigation requesting a response to allegations that his conduct regarding K.M. that resulted in criminal charges may have violated the rules of professional conduct.

¶17 A GPS report showed Attorney Netzer had entered the Valley View Mall exclusion zone on four occasions on April 19, 2010. When Attorney Netzer was arrested for having entered the Valley View Mall exclusion zone, he reported he did not know how extensive the exclusion zone was.

¶18 On April 22, 2010, a second criminal complaint was filed against Attorney Netzer alleging one count of felony bail jumping, in violation of Wis. Stat. §§ 946.49(1)(b) and 939.50(3)(h), for violating the terms of his release.

¶19 Attorney Netzer responded to the OLR's notice of formal investigation on April 24, 2010, and indicated he was asserting his Fifth Amendment privilege against self-incrimination. Because the criminal cases were ongoing, the OLR placed its investigation on hold.

¶20 On April 20, 2011, Attorney Netzer pled guilty to two misdemeanor counts of violating a harassment injunction. The convictions were based on the two newspaper advertisements taken out on December 31, 2009, and February 14, 2010, which violated the no-contact injunction issued on November 6, 2009. The felony counts of stalking and the felony count of bail jumping in the companion case were dismissed but read-in for sentencing purposes. The circuit court withheld sentence and placed Attorney Netzer on two years' probation, with 100 hours of community service, a psychological evaluation, and an order that he have no contact with K.M.

¶21 On April 27, 2011, Attorney Netzer wrote to the OLR and indicated he had pled guilty to two misdemeanor counts of violating an injunction order and that the felony counts of stalking and bail jumping had been dismissed. Attorney Netzer's letter notifying the OLR of his convictions was sent two days past the deadline established in the supreme court rules. Attorney Netzer also did not provide timely written notice to the clerk of this court regarding his convictions, although he did notify the clerk about two weeks late.

¶22 The OLR reopened its investigative matter and sent Attorney Netzer a supplemental request for information about his conviction. In his response, Attorney Netzer claimed he did not intend to violate the harassment injunction. He admitted he sent the "Happy/Sunshine" ads to K.M., and he acknowledged he did not send timely notice of his convictions to the OLR and the clerk of this court. He also said his convictions were on

6

appeal.   He claimed he never agreed to have the stalking and felony bail jumping charges read-in at sentencing.

¶23  On July 18, 2011, Attorney Netzer filed a motion to modify his sentence or, in the alternative, withdraw his plea. Attorney Netzer claimed that while he knew the felony charges of stalking and bail jumping were dismissed, he did not know they were being read-in and considered by the court at the sentencing hearing.   By order dated February 12, 2012, the circuit court dismissed the felony stalking and bail jumping charges without prejudice.

¶24  The OLR filed a complaint against Attorney Netzer on December 27, 2011, alleging two counts of misconduct:

> [COUNT ONE] By engaging in the conduct leading to and by pleading guilty to two misdemeanor counts of violating a harassment injunction . . . and also with the felony charges of stalking . . . and felony bail jumping . . . being read-in whereby they were dismissed but were considered by the Court for purposes of sentencing, Netzer violated SCR 20:8.4(b).[2]

> [COUNT TWO] By failing to notify the Office of Lawyer Regulation and the Clerk of the Supreme Court in writing within five (5) days after being found guilty or convicted of crimes, Netzer violated SCR 21.15(5),[3] actionable via SCR 20:8.4(f).[4]

---

[2] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

[3] SCR 21.15(5) provides:

> An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk of the [s]upreme [c]ourt within 5 days after the

¶25 Allan Beatty was appointed referee. In August 2012 the OLR and Attorney Netzer entered into a stipulation of facts. The parties agreed that the referee, without hearing or notice, could adopt various paragraphs in the stipulation as his findings of fact and conclusions of law. The parties filed briefs with the referee regarding the appropriate sanction.

¶26 The referee issued his report and recommendation on November 1, 2012. The referee adopted verbatim the content in the factual paragraphs of the parties' stipulation. The referee concluded that the allegations in the OLR's complaint had been proven by the requisite burden of proof. Specifically, the referee found that Attorney Netzer violated SCRs 20:8.4(b) and 21.15(5).

¶27 The referee recommended that Attorney Netzer's license be suspended for 90 days and that he pay the full costs of the proceeding within one year. In addition, the referee recommended that the following conditions be placed on Attorney Netzer's license to practice law:

---

finding or conviction, whichever first occurs. The notice shall include the identity of the attorney, the date of finding or conviction, the offenses, and the jurisdiction. An attorney's failure to notify the office of lawyer regulation and clerk of the supreme court of being found guilty or his or her conviction is misconduct.

[4] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

1. Cooperate with an OLR SCR 21.03(9)(b) referral to the State of Wisconsin Lawyer Assistance Program (WisLAP);

2. Undergo a psychological evaluation by a professional selected by the WisLAP Coordinator;

3. Sign reciprocal releases of confidentiality complying with the federal Health Insurance Portability and Accountability Act and all other applicable federal and state laws for each treatment provider who is providing or has provided mental health related treatment or services during and since 2009, so that such treatment providers may share pertinent information with the WisLAP Coordinator. In addition, the releases shall also authorize disclosure to the professional selected to conduct the psychological evaluation and to the Office of Lawyer Regulation;

4. Comply with all treatment recommendations in the report of the psychological evaluation ordered above;

5. Submit to monitoring by a person selected by the WisLAP Coordinator; to cooperate with the monitoring conditions and reporting requirements determined to be appropriate by the WisLAP Coordinator; and to comply with all obligations under the WisLAP Monitoring Program Policies; all for a period not to exceed five years from the date of the Court's order of discipline;

6. Pay the costs associated with his compliance with these conditions. Neither OLR nor WisLAP will be responsible for any such costs.

¶28 The referee said he has serious concerns about Attorney Netzer's fitness to practice law and that the nature of the offenses for which he was convicted, arising out of his relationships with two separate women, raise questions about his mental health. The referee noted that when Attorney Netzer entered his pleas to the two misdemeanor counts of violating a

9

harassment injunction, he participated in a thorough plea colloquy which covered the two read-in offenses for stalking and bail jumping. The referee noted that Attorney Netzer subsequently was successful in getting both read-in counts dismissed so no admission to the facts forming the bases for those counts may be considered by a court. The referee said that as an attorney, Attorney Netzer should have had the knowledge necessary to understand what a read-in was at his plea and sentencing hearing.

¶29 The referee noted that in his sanctions brief Attorney Netzer said that he wants to take full responsibility for his actions, but there appears to be a pattern to the contrary given that Attorney Netzer is now trying to distance himself from the stipulation of facts that he signed. The referee said:

> As his submissions in this disciplinary matter demonstrate, Attorney Netzer has gone to great length to minimize his criminal convictions and his Supreme Court Rule violations. There is a delusional dimension to Attorney Netzer's explanations and statements in this matter that underscore the need for a psychological evaluation and subsequent progress in treatment before Attorney Netzer will have the psychological fitness to practice law.

¶30 Attorney Netzer appealed, raising the following issues:

> 1. Was it premature for the Office of Lawyer Regulation (OLR) to prosecute this case before the case was resolved at the trial court level?
>
> 2. Was the stipulation of facts drafted by OLR in this case appropriate?

10

3. Was the Report and Recommendation of Referee in this case faulty or defective?

4. If the stipulation of facts filed in this case is deemed acceptable and if the Report and Recommendation of Referee is not deemed faulty or defective, is the recommended sanction disproportionate or excessive?

¶31 Attorney Netzer asserts it was premature for the OLR to prosecute this case before his criminal case was fully resolved at the trial court level, which he says did not occur until February 2012 when the circuit court dismissed without prejudice the stalking and bail jumping offenses.

¶32 Attorney Netzer also argues that the stipulation of facts, which he says was drafted by the OLR, was not "appropriate." He acknowledges that at least some of the paragraphs in the stipulation of facts do "have an element of truth," but he says the paragraphs "fail to tell the rest of the story."

¶33 Attorney Netzer argues that the referee's report and recommendation was "faulty or defective." He complains about the representation provided by the attorney he hired to represent him in his criminal case.

¶34 Attorney Netzer says if the stipulation of facts filed in this case is deemed acceptable and if the referee's report and recommendation is not deemed faulty or defective, the recommended 90-day sanction is still disproportionate or excessive. Attorney Netzer says he is remorseful for his actions and wishes they could be undone. He says he has been

11

undergoing counseling and feels that is a satisfactory way to deal with the issues underlying this case.

¶35 Attorney Netzer also requests that the court either waive the costs of this action or at least reduce them.

¶36 The OLR argues it did not prematurely file its complaint given that the complaint was filed approximately eight months after Attorney Netzer had informed the OLR about his criminal convictions. The OLR says Attorney Netzer cites no authority for the proposition that the OLR is prohibited from commencing a disciplinary proceeding against an attorney when a criminal case has not been fully resolved, and it says prohibiting it from proceeding with a disciplinary case as Attorney Netzer suggests would be contrary to the public interest and the good of the profession.

¶37 The OLR goes on to say an attorney does not have to be convicted of a crime before being found to have violated a supreme court rule. The OLR also says that having failed to make a motion or objection to the referee as to the date the disciplinary proceeding was commenced, Attorney Netzer should be found to have forfeited or waived his right to raise that issue on appeal.

¶38 The OLR argues that the language in the stipulation of facts is binding on Attorney Netzer. The OLR says as an experienced attorney, Attorney Netzer knew he was not required to enter into a stipulation of facts and that he had the right to a full hearing before a referee. The OLR says when Attorney Netzer's sanctions brief backed away from the stipulation of

12

facts he had previously signed, the OLR responded by saying that if Attorney Netzer was having second thoughts about the stipulation, his remedy was to move the referee to relieve him from the stipulation of facts and to schedule a hearing on the contested issues. The OLR points out that Attorney Netzer never did that.

¶39 The OLR says the findings of fact in the referee's report adopt verbatim the contents of the stipulation of facts signed by the parties. It says Attorney Netzer fails to explain how any of the referee's findings of fact could possibly be erroneous.

¶40 The OLR also asserts that the referee's recommended sanction is appropriate. It points out that in 2006, Attorney Netzer was privately reprimanded for misconduct that is "disturbingly similar to the facts in the current disciplinary proceeding." The OLR says while Attorney Netzer may feel the counseling he has been undergoing is satisfactory, the conditions on his license recommended by the referee are more likely to achieve the desired result.

¶41 As to the issue of costs, the OLR points out that this court customarily assesses full costs against the respondent attorney, and unsupported statements that an attorney cannot afford to pay costs are not a sufficient basis on which to excuse the attorney from payment. The OLR also notes that if an attorney cannot pay the full costs immediately, an agreement may be reached to enable the attorney to pay the costs over time.

¶42 This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶43 The referee's findings of fact have not been shown to be clearly erroneous, and we adopt them. We also adopt the conclusions of law that flow from those findings of fact. We specifically reject Attorney Netzer's claim that the OLR filed its complaint prematurely before the criminal case was resolved in the trial court.

¶44 Attorney Netzer pled guilty to the two misdemeanor counts in April of 2011. The OLR's complaint was not filed until eight months later. At that time the only proceeding pending in the circuit court was Attorney Netzer's motion to modify his sentence or, in the alternative, withdraw his plea. In February of 2012, approximately six weeks after the filing of the OLR's complaint, the circuit court dismissed the felony stalking and bail jumping charges—which had been dismissed at the time the plea was entered.

¶45 Attorney Netzer has failed to cite any authority for his claim that the OLR should have been required to wait until after the circuit court had ruled on his postconviction motion before filing its complaint, nor has he explained how the result of this proceeding would have been different if the OLR's

14

complaint had been filed in February of 2012 rather than December of 2011. In addition, as the OLR points out, Attorney Netzer never raised this issue before the referee and could be deemed to have forfeited or waived his right to raise the issue on appeal.

¶46 We also reject Attorney Netzer's criticisms about and attempt to repudiate the stipulation of facts which he signed in August of 2012. Attorney Netzer was not required to enter into a stipulation of facts but chose, presumably at least in part, to simplify the proceeding and reduce the ultimate costs. As the OLR points out, if Attorney Netzer later had second thoughts about the stipulation of facts, he could have moved the referee to relieve him from the stipulation of facts and could have asked for a full evidentiary hearing on the contested issues. Since he chose not to do so, he should be bound by the stipulation of facts. Having accepted the findings of fact and conclusions of law set forth in the referee's report, we reject Attorney Netzer's claim that the referee's report was "faulty or defective."

¶47 Turning to the appropriate sanction, we note that the conduct at issue here is strikingly similar to the conduct that resulted in Attorney Netzer's 2006 private reprimand. As in the previous case, Attorney Netzer tries to minimize his conduct, claiming he never intended his actions to cause K.M. any distress, and that in fact all he cared about was K.M.'s happiness and well-being. As in the 2006 case, Attorney Netzer again argues that his criminal attorney forced him into entering

15

pleas, that he is very sorry for his actions, and that he is entitled to this court's leniency.

¶48 We deem the SCR 21.15(5) violation is de minimus since Attorney Netzer did notify the OLR and the clerk of this court about his conviction, albeit the notification was slightly tardy.

¶49 The SCR 20:8.4(b) violation is not de minimus. This court found in 2006 that Attorney Netzer's two prior misdemeanor convictions, which arose out his violating a harassment injunction filed by a previous girlfriend, reflected adversely upon his trustworthiness or fitness as a lawyer in other respects. The same analysis holds true in this case. This court has long adhered to the concept of progressive discipline in attorney regulatory cases. It does not appear that the 2006 private reprimand had the impact we intended on Attorney Netzer since he repeated the same conduct here. For that reason, we agree with the referee that a 90-day suspension of Attorney Netzer's license to practice law in Wisconsin is appropriate.

¶50 We also agree with the referee that it is appropriate to impose certain conditions in this case. While the referee recommended various conditions be placed on Attorney Netzer's license to practice law, we find it more appropriate to impose conditions on the reinstatement of Attorney Netzer's license in order to ensure that the conduct that occurred in this case, as well as the conduct underlying the 2006 private reprimand, does not recur.

16

¶51 We note that in the criminal case, the circuit court ordered Attorney Netzer to undergo a psychological evaluation. We find it appropriate to order that the reinstatement of Attorney Netzer's license to practice law shall be conditioned upon his obtaining a mental health evaluation in which the evaluator states, to a reasonable degree of professional certainty, that Attorney Netzer is capable of discharging the duties of a person licensed to practice law in this state. We further conclude that as a condition of reinstatement, Attorney Netzer must be required to execute medical record releases authorizing the OLR to review his medical records for a period of three years. Once Attorney Netzer has complied with these conditions and the other conditions generally required for reinstatement after a suspension of less than six months, his license can be reinstated.

¶52 Finally, we find it appropriate to impose the full costs of the proceeding upon Attorney Netzer. It is the court's general policy upon a finding of misconduct to impose all costs on the respondent attorney. See SCR 22.24(1m). Since this case presents no extraordinary circumstances, we conclude that Attorney Netzer should be required to pay the full costs of this proceeding.

¶53 IT IS ORDERED that the license of Randy J. Netzer to practice law in Wisconsin is suspended for a period of 90 days, effective March 5, 2014.

¶54 IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law in Wisconsin,

17

Randy J. Netzer shall take the following actions: (1) obtain a satisfactory mental health evaluation, at his own expense, in which the evaluator states, to a reasonable degree of professional certainty, that Randy J. Netzer is capable of discharging the duties of a person licensed to practice law in this state; (2) provide a copy of that evaluation to the Office of Lawyer Regulation; and (3) execute medical record releases authorizing the Office of Lawyer Regulation for a period of three years to review his medical and mental health records and to speak with medical or mental health providers.

¶55 IT IS FURTHER ORDERED that Randy J. Netzer shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶56 IT IS FURTHER ORDERED that within 60 days of the date of this order, Randy J. Netzer shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $9,222.21, as of November 5, 2013.

¶57 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

¶58 SHIRLEY S. ABRAHAMSON, C.J. *(dissenting).* Supreme court rule 21.16(1m)(f) authorizes this court to impose conditions on an attorney seeking license reinstatement. The conditions should be stated in such a way that they can be easily understood by the respondent attorney and the OLR and easily administered.

¶59 I conclude, however, that a six-month suspension with conditions should be imposed in the present case. Such a sanction is not only appropriate under the circumstances of the present case but has the advantage that reinstatement must be by order of this court after prescribed proceedings, not merely by affidavit of the attorney of compliance and the director's notification of compliance. See SCR 22.28(3), 22.29-22.33.

¶60 Before the court will reinstate an attorney after a suspension of six months or more, the attorney must show the court that he "can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts." SCR 22.29(4)(g). Court review of reinstatement of the attorney under this standard is, in my opinion, important in the present case.

¶61 For the reasons set forth, I dissent.

¶62 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

1