# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP1340-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jeffrey John Aleman, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>Jeffrey John Aleman,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST ALEMAN

| | |
|---|---|
| OPINION FILED: | December 23, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | ABRAHAMSON, J., dissents. (Opinion Filed) |
|   NOT PARTICIPATING: | R.G. BRADLEY, J., did not participate. |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2015AP1340-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Jeffrey John Aleman, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Jeffrey John Aleman,**

      **Respondent.**

**FILED**

**DEC 23, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1    PER CURIAM.    This is a reciprocal discipline matter. The Office of Lawyer Regulation (OLR) filed a complaint against Attorney Jeffrey John Aleman, seeking the imposition of discipline reciprocal to that imposed by the Illinois Supreme Court. On May 14, 2015, the Illinois Supreme Court suspended Attorney Aleman's Illinois law license for two years, effective June 4, 2015, based on two counts of misconduct. The Illinois court also ordered Attorney Aleman to reimburse the Illinois

Client Protection Program Trust Fund for any payments due to conduct prior to the end of his suspension.

¶2 Attorney Aleman was admitted to practice law in Wisconsin in 1996. He was admitted to practice law in Illinois in 1997. His Wisconsin law license was administratively suspended on June 2, 2015, for failure to comply with continuing legal education requirements.

¶3 On August 12, 2015, Attorney Aleman and the OLR entered into a stipulation whereby Attorney Aleman agrees it would be appropriate for this court to impose the level of discipline sought by the OLR director, namely, a two-year suspension of Attorney Aleman's license to practice law in Wisconsin. The stipulation notes that Attorney Aleman's misconduct in Illinois stemmed from co-founding and working with a national debt settlement firm, Legal Helpers Debt Resolution. The Illinois Supreme Court found that Attorney Aleman violated the Illinois Rules of Professional Conduct (IRPC) by:

> (a) failing to consult with clients about the means by which the representations' objectives were to be pursued and accomplished, in violation of Rule 1.2(a) of the 1990 IRPC and Rule 1.4(a)(2) of the 2010 IRPC;

> (b) failing to explain matters to the extent reasonably necessary for clients to make informed decisions about the representation, in violation of [Rule] 1.4(b) of the IRPC;

> (c) failing to supervise and make reasonable efforts to ensure the conduct of non-lawyers employed by or associated with the debt settlement firm were compatible with his professional obligations, in violation of Rule 5.3(a) of the IRPC; and

2

(d) assisting a person in the unauthorized practice of law, in violation of Rule 5.5(a) of the IRPC.

¶4   Supreme Court Rule (SCR) 22.22(3) states as follows:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

¶5   Attorney Aleman does not claim that any of the defenses found in SCR 22.22(3)(a)-(c) apply.  Attorney Aleman further states that his entry into the stipulation did not result from plea bargaining.  He represents that he fully understands the misconduct allegations; he fully understands the ramifications should the court impose the stipulated level of discipline; he fully understands his right to contest this matter; he fully understands his right to consult with counsel; and his entry into the stipulation is made knowingly and voluntarily and represents his decision not to contest the misconduct alleged in the OLR's complaint or the level and type of discipline sought by the OLR director.

¶6   After fully reviewing the matter, we accept the parties' stipulation.  We agree that it is appropriate to impose

3

discipline identical to that imposed by the Illinois Supreme Court, i.e., a two-year suspension of Attorney Aleman's license to practice law in Wisconsin. Since this matter was resolved by means of a stipulation, the OLR has not sought the imposition of costs and we do not assess any costs.

¶7 IT IS ORDERED that the license of Jeffrey John Aleman to practice law in Wisconsin is suspended for two years, effective the date of this order.

¶8 IT IS FURTHER ORDERED that, to the extent he has not already done so, Jeffrey John Aleman shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶9 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.29(4)(c).

¶10 REBECCA G. BRADLEY, J., did not participate.

¶11 SHIRLEY S. ABRAHAMSON, J. *(dissenting).* I write in dissent in several attorney discipline cases because I have concerns about the discipline imposed.

¶12 With regard to Attorney Aleman, Illinois imposed a two-year suspension for two counts of misconduct stemming from co-founding and working with a national debt settlement firm. Upon stipulation of the parties, this court orders reciprocal discipline in Wisconsin. The two-year suspension seems harsh compared to the discipline imposed in other cases.

¶13 I write in dissent because I have difficulty reconciling the significantly different levels of discipline imposed in the following four cases.

- OLR v. Krogman, 2015 WI 113, ___ Wis. 2d ___, ___ N.W.2d ___: Upon stipulation admitting factual allegations, the court orders a four-month suspension of license and conditions upon reinstatement. The complaint alleged 22 counts of professional misconduct involving four clients, misconduct relating to license suspension, and misconduct relating to trust accounts. The four-month suspension seems too light.

- OLR v. Crandall, 2015 WI 111, ___ Wis. 2d ___, ___ N.W.2d ___: Crandall had been disciplined four times previously: a three-month suspension, a public reprimand, a 30-day suspension, and a five-month suspension. The court now imposes another public reprimand. The sanction is too light. The principle

1

of progressive discipline should have been imposed. It was not.

* OLR v. Boyle, 2015 WI 110, ___ Wis. 2d ___, ___ N.W.2d ___: Boyle committed six offenses, including two trust account violations. The court imposes a 60-day suspension plus conditions. Boyle had received three private reprimands between 2002 and 2012. How can this level of discipline be justified in light of OLR v. Crandall and OLR v. Sayaovong (see below)?

* OLR v. Sayaovong, 2015 WI 100, 365 Wis. 2d 200, 871 N.W.2d 217: This per curiam was released November 18, 2015, imposing suspension for a period of six months. Attorney Sayaovong defaulted in the discipline case. The complaint alleged six counts of misconduct, four counts involving two clients and two counts involving another client. In 2014 Attorney Sayaovong was publicly reprimanded for misconduct in two separate client matters. See OLR v. Sayaovong, 2014 WI 94, 357 Wis. 2d 312, 850 N.W.2d 940. The discipline does not seem consistent with the discipline imposed in other cases.

¶14 For the reasons set forth, I write in each of these cases.