# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2487-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Eric L. Crandall, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, v. Eric L. Crandall, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CRANDALL

| | |
|---|---|
| OPINION FILED: | December 23, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | ABRAHAMSON, A.W. BRADLEY, J.J., dissent. (Opinion filed) |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP2487-D

STATE OF WISCONSIN                    :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Eric L. Crandall, Attorney at Law:**

**Office of Lawyer Regulation,**

           **Complainant,**

     **v.**

**Eric L. Crandall,**

           **Respondent.**

**FILED**

**DEC 23, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1   PER CURIAM.   We review the report filed by Referee James G. Curtis, adopting two stipulations between the Office of Lawyer Regulation (OLR) and Attorney Eric L. Crandall.   The referee agreed that Attorney Crandall committed five counts of misconduct, as alleged in the OLR's complaint.   The referee further agreed with the parties that a public reprimand was an appropriate level of discipline for Attorney Crandall's misconduct.   Finally, the referee recommended that Attorney

Crandall should be assessed the full costs of the proceeding, which are $4,182.17 as of September 17, 2015.

¶2 After careful review of the matter, we conclude that the referee's findings of fact are supported by clear, satisfactory, and convincing evidence. We adopt the referee's conclusions of law. We agree that the appropriate discipline for Attorney Crandall's misconduct is a public reprimand, and we agree that Attorney Crandall should bear the full costs of this proceeding.

¶3 Attorney Crandall was admitted to the practice of law in Wisconsin on September 19, 1991. He resides in New Richmond, Wisconsin. He is also licensed to practice law in Minnesota.

¶4 Effective February 20, 2006, we suspended Attorney Crandall's Wisconsin law license for three months as reciprocal discipline to that imposed by the Minnesota Supreme Court for neglecting client matters, failing to communicate with clients, failing to appear at court hearings, failing to comply with discovery rules, and failing to cooperate with the disciplinary investigation. In re Disciplinary Proceedings Against Crandall, 2006 WI 6, 287 Wis. 2d 102, 708 N.W.2d 690.

¶5 On March 4, 2008, we publicly reprimanded Attorney Crandall for advancing a frivolous claim, failing to file a client's affidavit or a brief in opposition to a summary judgment motion, failing to keep clients reasonably informed, failing to return clients' files in a timely manner, and failing to cooperate with the OLR's investigation. In re Disciplinary

2

*Proceedings Against Crandall,* 2008 WI 14, 307 Wis. 2d 536, 745 N.W.2d 679.

¶6 Effective September 2, 2008, we suspended Attorney Crandall's Wisconsin law license for 30 days as reciprocal discipline to that imposed by the Minnesota Supreme Court for failing to act with diligence and promptness, failing to communicate with clients, engaging in conduct involving dishonesty and misrepresentation, and failing to cooperate with the Minnesota disciplinary investigation. *In re Disciplinary Proceedings Against Crandall,* 2008 WI 112, 314 Wis. 2d 33, 754 N.W.2d 501.

¶7 Effective May 31, 2011, we suspended Attorney Crandall's Wisconsin law license for five months for failing to hold advance fees in trust, failing to refund unearned fees, and failing to cooperate with the OLR's investigation. *In re Disciplinary Proceedings Against Crandall,* 2011 WI 21, 332 Wis. 2d 698, 798 N.W.2d 183. Attorney Crandall was reinstated to the practice of law on January 5, 2012.

¶8 On October 27, 2014, the OLR filed a five-count complaint against Attorney Crandall alleging (1) that Attorney Crandall had failed to comply with the requirements of Supreme Court Rule (SCR) 22.26 relating to the duties of an attorney whose license has been suspended and (2) that he had failed to cooperate with OLR's investigation into his alleged misconduct.

¶9 Attorney Crandall filed an answer and this court appointed Referee Curtis. We subsequently denied Attorney Crandall's untimely motion to substitute a different referee.

On or about April 29, 2014, the parties submitted a stipulation in which Attorney Crandall admitted the facts and misconduct alleged in the complaint and authorized the referee to make findings of fact and conclusions of law based on these allegations. The parties requested an evidentiary hearing on the appropriate sanction.

¶10 Before the scheduled hearing, the parties reached a second stipulation regarding the appropriate sanction. On August 7, 2015, the parties stipulated to a public reprimand as an appropriate sanction.

¶11 The referee filed his findings of fact, conclusions of law, and recommendation for discipline on August 18, 2015. The referee determined that the OLR had met its burden of proof with respect to the five counts of misconduct alleged in the complaint, and recommended that we accept the stipulations. We summarize those counts now.

¶12 As previously stated, on April 26, 2011, Attorney Crandall's license to practice law in Wisconsin was suspended for a period of five months, effective May 31, 2011. The order suspending Attorney Crandall mandated that he comply with the requirements of SCR 22.26 pertaining to the duties of an attorney whose license has been suspended.

¶13 In April and May of 2011, Attorney Crandall was listed as attorney of record for J.M., a party to an appeal then-pending before the Wisconsin Court of Appeals. On June 30, 2011, the Court of Appeals certified the appeal to this court.

4

¶14 On September 27, 2011, this court issued an order in response to a motion filed by J.M. in which she advised the court that she had only recently learned that Attorney Crandall's law license had been suspended. We granted J.M.'s motion for a briefing extension and permitted substitution of new counsel.

¶15 The OLR complaint alleged and the referee determined that, by failing to send, on or before the effective date of his suspension, written notice of his suspension by certified mail to his client, J.M., Attorney Crandall violated SCR 22.26(1)(a) and (b)[1] (Count One).

¶16 The OLR complaint alleged and the referee determined that, by failing to send, on or before the effective date of his suspension, written notice of his suspension to the Court of Appeals, Attorney Crandall also violated SCR 22.26(1)(c)[2] (Count Two).

---

[1] SCR 22.26(1)(a) and (b) provide that, on or before the effective date of license suspension, an attorney whose license is suspended shall:

> (a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

> (b) Advise the clients to seek legal advice of their choice elsewhere.

[2] SCR 22.26(1)(c) provides that, on or before the effective date of license suspension, an attorney whose license is suspended shall:

(continued)

5

¶17 In January of 2012, Attorney Crandall continued to be identified, during his period of suspension, as the attorney of record in three separate appellate cases. The OLR alleged that Attorney Crandall did not properly provide either his clients or the Court of Appeals with the notices required by SCR 22.26 in those three cases. Accordingly, the referee determined that, by failing to send, on or before the effective date of his suspension, written notice of his suspension by certified mail to the three clients in the three separate appeals, Attorney Crandall violated SCR 22.26(1)(a) and (b) (Count Three).

¶18 In addition, the referee determined that, by failing to send, on or before the effective date of his suspension, written notice of his suspension to the Court of Appeals in the three appellate cases, Attorney Crandall violated SCR 22.26(1)(c) (Count Four).

¶19 Finally, the referee determined that Attorney Crandall violated SCR 22.03(2) and (6),[3] enforced via SCR 20:8.4(h),[4] by

---

Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client 184 or, if there is none at the time notice is given, shall state the client's place of residence.

[3] SCR 22.03(2) and (6) provide:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter

(continued)

failing to timely respond to the OLR's requests for a response to a grievance investigation, doing so only after this court issued an order to show cause (Count Five).

¶20 The referee then considered the stipulation for a public reprimand, mindful of his need to consider the seriousness, nature, and extent of misconduct, the level of discipline needed to protect the public and the legal system from repetition of the misconduct, the need to impress on the attorney the seriousness of the misconduct, and the need to deter others from committing similar acts.  See In re

---

being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[4] SCR 20:8.4(h) provides that it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

Disciplinary Proceedings Against Scanlan, 2006 WI 38, ¶72, 290 Wis. 2d 30, 712 N.W.2d 877, citing In re Disciplinary Proceedings Against Charlton, 174 Wis. 2d 844, 875-76, 498 N.W.2d 380 (1993). The referee noted that he considered Attorney Crandall's prior disciplinary history and the concept of progressive discipline. See In re Disciplinary Proceedings Against Nussberger, 2006 WI 111, ¶27, 296 Wis. 2d 47, 719 N.W.2d 501.

¶21 The referee noted that the OLR relied on three prior cases in support of the recommended discipline. Public Reprimand of Arik J. Guenther, 2007-3 (imposing public reprimand where attorney failed to notify two clients of his suspension, failed to include the two clients on his affidavit of compliance filed with the OLR, and also failed to cooperate with the OLR); Public Reprimand of Michael G. Trewin, 2006-6 (imposing public reprimand where lawyer failed to notify the court and opposing counsel of his suspension in several cases, failed to include those cases on his affidavit of compliance filed with the OLR, and had a conflict of interest on a matter); Public Reprimand of Hazel J. Washington, 2007-10 (imposing public reprimand for lawyer's failure to inform a client, opposing counsel, and the court of her suspension; failure to list the client, court, and file number on the affidavit of compliance filed with the OLR; and failure to provide competent representation). The referee observed that Attorney Crandall's ethical violations in this matter reflect a level of indifference to the requirements of the supreme court rules. The referee concluded that public

8

discipline is appropriate and recommends that we publicly reprimand Attorney Crandall in this matter.

¶22 The referee further recommends that the court follow its general policy and impose the full costs of the proceeding on Attorney Crandall.

¶23 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶24 There is no showing that any of the referee's findings of fact are erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that Attorney Crandall violated the supreme court rules set forth above. In view of Attorney Crandall's fairly extensive prior disciplinary history, we considered whether suspension is necessary to impress upon Attorney Crandall the seriousness of his misconduct and the importance of abiding by the rules of professional conduct. On balance, we accept the referee's recommendation that a public reprimand is an appropriate sanction for Attorney Crandall's misconduct. Although no two fact situations are identical, a public reprimand is generally consistent with the sanction imposed in somewhat analogous cases. See Public Reprimand of Ronald J. Thompson, 2012-18 (imposing public reprimand for failure to comply with SCR 22.26 following license

9

suspension); see also In re Disciplinary Proceedings Against Mulligan, 2009 WI 12, 315 Wis. 2d 605, 759 N.W.2d 766 (imposing public reprimand on lawyer with two prior reprimands).

¶25 We also agree that Attorney Crandall should be required to pay the full costs of the proceeding, which are $4,182.17.

¶26 IT IS ORDERED that Eric L. Crandall is publicly reprimanded for professional misconduct.

¶27 IT IS FURTHER ORDERED that within 60 days of the date of this order, Eric L. Crandall shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶28 IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.

¶29 SHIRLEY S. ABRAHAMSON, J. *(dissenting).* I write in dissent in several attorney discipline cases because I have concerns about the discipline imposed.

¶30 This is Attorney Crandall's fifth brush with the OLR in the seven years since 2008. He has been disciplined four times previously: a three-month suspension, a public reprimand, a 30-day suspension, and a five-month suspension. It does not appear that the previous discipline had the impact the court intended. Nevertheless, the court now imposes another public reprimand. This sanction is too light. The court professes that it has "long adhered to progressive discipline." OLR v. Netzer, 2014 WI 7, ¶49, 352 Wis. 2d 310, 841 N.W.2d 820. The principle of progressive discipline should be applied here. It is not.

¶31 Moreover, I write to state my difficulty reconciling the significantly different levels of discipline imposed in the instant case (public reprimand) and in OLR v. Boyle, 2015 WI 110, ___ Wis. 2d ___, ___ N.W.2d ___.

¶32 In OLR v. Boyle, the referee found (and the court agreed) that the respondent attorney committed all six charged offenses (including two trust account violations). The discipline: a 60-day suspension plus conditions. The respondent attorney had received three private reprimands between 2002 and 2012. How does the court justify imposing harsher discipline on Attorney Boyle than on Attorney Crandall?

¶33 I also have difficulty reconciling the significantly different levels of discipline imposed in the following three

1

cases. The first two cases are based on a stipulation of the parties. The third case is a default by the respondent attorney:

- OLR v. Krogman, 2015 WI 113, ___ Wis. 2d ___, ___ N.W.2d ___: Upon stipulation admitting the factual allegations, the court orders a four-month suspension of license and conditions upon reinstatement. The complaint alleged 22 counts of professional misconduct involving four clients, misconduct relating to license suspension, and misconduct relating to trust accounts. The four-month suspension seems too light compared to the discipline imposed in the other cases.

- OLR v. Aleman, 2015 WI 112, ___ Wis. 2d ___, ___ N.W.2d ___: Illinois imposed a two-year suspension for two counts of misconduct stemming from co-founding and working with a national debt settlement firm. Upon stipulation of the parties, this court orders reciprocal discipline in Wisconsin. The two-year suspension seems too harsh compared to the discipline imposed in other cases.

- OLR v. Sayaovong, 2015 WI 100, 365 Wis. 2d 200, 871 N.W.2d 217: This per curiam was released November 18, 2015, imposing suspension for a period of six months. Attorney Sayaovong defaulted in the discipline case. The complaint alleged six counts of misconduct, four counts involving two clients and two counts involving another client. In 2014 Attorney Sayaovong was

publicly reprimanded for misconduct in two separate client matters.  See OLR v. Sayaovong, 2014 WI 94, 357 Wis. 2d 312, 850 N.W.2d 940.  The discipline does not seem consistent with the discipline imposed in other cases.

¶34 For the reasons set forth, I write in each of these cases.

¶35 I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

3