**2017 WI 50**

# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP2742-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Thomas O. Mulligan, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant-Respondent, v. Thomas O. Mulligan, Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST MULLIGAN

| | |
|---|---|
| OPINION FILED: | May 18, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | BRADLEY, A. W., J. and ZIEGLER, J. did not participate. |

| | |
|---|---|
| ATTORNEYS: | |

Attorney Mulligan has met all the criteria necessary for reinstatement, and we adopt the referee's findings of fact and conclusions of law. Accordingly, we reinstate Attorney Mulligan's license to practice law in Wisconsin, subject to the conditions set forth below. We further find it appropriate to follow our normal custom of imposing the full costs of this proceeding, which are $5,849.80 as of February 13, 2017, on Attorney Mulligan.

¶2 Attorney Mulligan was admitted to practice law in Wisconsin in 1985. He practiced law in the Madison area. In 2000, this court suspended Attorney Mulligan's license to practice law for a period of 60 days, effective January 8, 2001, as discipline for professional misconduct. See In re Disciplinary Proceedings Against Mulligan, 2000 WI 122, 239 Wis. 2d 542, 620 N.W.2d 481.

¶3 On November 18, 2015, this court suspended Attorney Mulligan's license to practice law for a period of two years, effective December 28, 2015, as discipline for professional misconduct. See In re Disciplinary Proceedings Against Mulligan, 2015 WI 96, 365 Wis. 2d 524, 872 N.W.2d 692. That misconduct

2

Attorney Mulligan's license should be reinstated, with conditions. We also agree with the referee that Attorney Mulligan should be required to pay the full costs of this reinstatement proceeding, which are $2,267.95 as of March 8, 2017.

¶2 Attorney Mulligan was licensed to practice law in Wisconsin in 1985 and is a general practitioner in Spooner, Wisconsin. He has previously been disciplined by this court. He received private reprimands in 1997 and 2005, and received a court-imposed public reprimand in 2009. In re Disciplinary Proceedings Against Mulligan, 2009 WI 12, 315 Wis. 2d 605, 759 N.W.2d 766.

¶3 On October 8, 2015, following a lengthy contested disciplinary proceeding, this court suspended Attorney Mulligan's license to practice law for nine months for professional misconduct committed in two client matters including failing to enter into a fee agreement with his client, failing to deposit fees in trust, making cash disbursements out of his trust account, commingling personal funds with trust funds, and failing to maintain proper trust account records. In re Disciplinary Proceedings Against Mulligan, 2015 WI 96, 365 Wis. 2d 43, 870 N.W.2d 233. Our order directed Attorney Mulligan to pay the Office of Lawyer Regulation (OLR) the costs of that proceeding. We also ordered that, as a condition of reinstatement, Attorney Mulligan attend and successfully complete an OLR trust account seminar and, further, that upon reinstatement, Attorney Mulligan's trust account should be

2

subject to monitoring by the OLR for three years, or until further order of the court.

¶4 On July 21, 2016, Attorney Mulligan filed a petition seeking the reinstatement of his license to practice law in Wisconsin. The OLR filed a response on December 9, 2016 stating that it did not oppose Attorney Mulligan's reinstatement but recommended, consistent with this court's underlying disciplinary order, that his reinstatement be subject to the conditions outlined by this court.

¶5 A public hearing was held on the reinstatement proceeding on February 8, 2017. The referee filed his report and recommendation on February 17, 2017.

¶6 Supreme Court Rule 22.31(1) provides the standards to be met for reinstatement. Specifically, Attorney Mulligan must show by clear, satisfactory, and convincing evidence that he has the moral character to practice law, that his resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest, and that he has complied with SCR 22.26 and the terms of the underlying disciplinary order. In addition to these requirements, SCR 22.29(4)(a)-(4m) provides additional requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶7 When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo.

3

See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶8  The referee found that Attorney Mulligan has not practiced law during the period of his suspension; that he has fully complied with the terms of the underlying disciplinary order; that he has maintained competence and learning in the law; that his conduct since the suspension has been exemplary and above reproach; and that he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards.  The referee found that Attorney Mulligan can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and, in general, to aid in the administration of justice as a member of the bar and as an officer of the courts.  The referee also found that Attorney Mulligan has fully complied with the requirements set forth in SCR 22.26.

¶9  We note that Attorney Mulligan also complied with this court's directive that he attend a trust account management seminar sponsored by the OLR.

¶10  The OLR received 12 letters recommending Attorney Mulligan's reinstatement, including letters from four attorneys, a U.S. Border Patrol agent, a medical doctor, and various clients, professional acquaintances, and friends.

¶11  The record reflects that Attorney Mulligan has not yet paid in full the $17,720.02 for the costs of the underlying

4

disciplinary proceeding, but has provided the OLR with information about his financial circumstances and has made payment arrangements with the OLR to satisfy his obligation to pay those disciplinary costs. Restitution was not ordered in the underlying disciplinary proceeding.

¶12 The referee found that Attorney Mulligan's reinstatement will be beneficial to the public interest due to his commitment to assisting community members in a rural, underserved area of Wisconsin. Mindful of the conditions this court imposed in its underlying disciplinary order, the referee recommends Attorney Mulligan's reinstatement be subject to continued monitoring of his trust account by the OLR for a period of three years or until further order of the court. He also recommended we impose the costs of this reinstatement proceeding on Attorney Mulligan.

¶13 We conclude that the referee's findings support a determination that Attorney Mulligan has met his burden to establish by clear, satisfactory, and convincing evidence that he has met all of the standards required for reinstatement and we agree that reinstatement is appropriate, with conditions.

¶14 With respect to the cost of this reinstatement proceeding, it is this court's general practice to assess the full costs of a proceeding against a respondent. See SCR 22.24(1m). We find no extraordinary circumstances that would warrant a reduction in the costs imposed and we find it appropriate to assess the full costs of the reinstatement proceeding against Attorney Mulligan.

5

¶15 As is standard procedure, Attorney Mulligan may contact the OLR to request a payment plan that will enable Attorney Mulligan to pay the full costs of this proceeding in a matter consistent with his financial ability.

¶16 IT IS ORDERED that within 60 days of the date of this order, Thomas O. Mulligan shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $2,267.95 as of March 8, 2017.

¶17 IT IS FURTHER ORDERED that the license of Thomas O. Mulligan to practice law in Wisconsin is reinstated, effective the date of this order, subject to monitoring of his trust account by the Office of Lawyer Regulation for a period of three years or until further order of this court, and upon the condition that he continue to make payments to the Office of Lawyer Regulation toward the accumulated costs assessed against him in this and the prior disciplinary proceeding.

¶18 IT IS FURTHER ORDERED that compliance with all of the terms of this order remain a condition of Thomas O. Mulligan's license to practice law in Wisconsin.

¶19 ANN WALSH BRADLEY AND ANNETTE KINGLAND ZIEGLER, JJ., did not participate.