IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert T. MALLOY, Attorney at Law.

Supreme Court

*No. 96–1300–D. Filed May 1, 1997.*

(Also reported in 562 N.W.2d 147.)

¶ 1.    PER CURIAM.   We review the recommendation of the referee that the license of Robert T. Malloy to practice law in Wisconsin be suspended for one year as discipline for professional misconduct. That misconduct consisted of his mishandling of client funds and commingling his own funds with them, failure to keep required trust account records, failure to respond to requests from clients for information concerning their matters, repeated failure to file or pursue legal matters for which he was retained, failure to refund unearned retainers promptly, and repeated failure to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation of client grievances.

¶ 2.    We determine that the license suspension recommended by the referee is appropriate discipline to impose for Attorney Malloy's professional misconduct established in this proceeding. Notwithstanding having been disciplined on a prior occasion for similar misconduct, Attorney Malloy has continued to ignore his professional responsibilities in representing clients and commingle his own personal and law office funds with funds belonging to his clients. In addition to the license suspension, we require that, upon reinstatement, Attorney Malloy submit to regular audits of his client trust account to ensure that he treats client funds appropriately.

¶ 3.    Attorney Malloy was admitted to practice law in Wisconsin in 1992 and practices in Milwaukee. In July, 1994, he consented to a public reprimand from the Board as discipline for failing to appear at municipal court trials on behalf of three clients, failing to appear at a hearing on the court's order to show cause why he should not be held in contempt for his failure to appear at one of those trials, failing to maintain com-

plete and accurate trust account records of client funds coming into his employer's possession, commingling his personal and business funds with client funds in his trust account, and continuing to practice law while administratively suspended for nonpayment of State Bar dues. The referee in this proceeding, Attorney Joan Kessler, made findings of fact to which Attorney Malloy stipulated concerning his conduct in the following matters.

¶ 4. When notified that a check drawn on his trust account to pay a client's bankruptcy filing fee had been dishonored, the Board asked Attorney Malloy to provide information and records concerning his trust account. The Board then learned that the only record Attorney Malloy kept of his trust account transactions was a check register and a computer-generated document that disclosed many discrepancies with bank records of the trust account's activity. Further, Attorney Malloy was using his client trust account to deposit funds he identified as fees to which he was entitled and used funds in that account to pay filing fees and costs of clients who had no funds on deposit in it. He also used for personal purposes the cash clients had given him to pay fees and costs, subsequently paying those fees and costs out of the funds in his trust account that represented his fees in other cases. Thus, Attorney Malloy failed to maintain complete and accurate trust account records, in violation of SCR 20:1.15(e),[1] and failed to

---

[1] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**

. . .

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal,

hold client funds in trust separate from his own funds, in violation of SCR 20:1.15(a).[2]

¶ 5. In another matter, after a client's divorce was granted in August, 1995, Attorney Malloy did not file the final divorce papers and obtain her former husband's signature on a quitclaim deed until February of the following year. He did not tell the client he had filed those papers, and when he did not respond to her numerous requests that he amend the findings to include her change of name, the client retained other

---

listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

[2] SCR 20:1.15 provides, in pertinent part:

**Safekeeping property**
(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. . . .

counsel to do so. Attorney Malloy did not respond to letters from the Board concerning that client's grievance and did not produce his client's file as the Board requested, in violation of SCR 22.07(2) and (3)[3] and 21.03(4).[4] His failure to keep the client reasonably informed of the status of her matter and promptly comply with reasonable requests for information concerning it violated SCR 20:1.4(a).[5]

---

[3] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

[4] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[5] SCR 20.1.4 provides, in pertinent part:

**Communication**

¶ 6. In the summer of 1994, the Board sent Attorney Malloy information concerning grievances it had received from three other clients, but he did not respond to numerous letters from the Board requesting information about them. He also failed to attend a confidential investigation meeting conducted by Board staff. This conduct constituted a failure to cooperate with the Board during the course of its investigation, in violation of SCR 21.03(4) and 22.07(3).

¶ 7. In July, 1995, Attorney Malloy was retained to file a bankruptcy on behalf of a client, for which he was paid $410. After numerous calls to him concerning the matter were not returned, the client retained other counsel to pursue it. That attorney made several calls and wrote Attorney Malloy attempting to ascertain the status of the bankruptcy and obtain the client's file, but Attorney Malloy did not respond. After the client filed a grievance with the Board in April, 1996, Attorney Malloy returned the client's retainer, but he did not respond to four letters of inquiry from the Board requesting information concerning the grievance or produce the client's file. Attorney Malloy's conduct in this matter violated SCR 20:1.4(a) and 22.07(2) and 21.03(4).

¶ 8. In January, 1996, Attorney Malloy was retained to represent a woman in a modification of a divorce judgment to gain custody of her child, for which he was given a $200 retainer. He failed to appear at a meeting to discuss the matter with the client and never contacted the client again, despite her repeated attempts to reach him. He did not respond to numerous letters from the client requesting information on the

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

status of the matter or to her many telephone calls and did not return her papers or refund her retainer, as she had requested. Attorney Malloy also failed to respond to letters from the Board concerning that client's grievance or produce the client's file as the Board requested. Attorney Malloy failed to act with reasonable diligence and promptness in representing this client, in violation of SCR 20:1.3,[6] failed to keep the client informed of the status of her matter and promptly comply with reasonable requests for information concerning it, in violation of SCR 20:1.4(a), failed to return the client's property and unearned fee upon termination of representation, in violation of SCR 20:1.16(d),[7] and failed to cooperate in the Board's investigation, in violation of SCR 22.07(2) and (3) and 21.03(4).

¶ 9. Attorney Malloy was retained in August of 1995 to represent a client in a bankruptcy, for which he received an advance fee of $210. After obtaining financial information and bills from the client, he never contacted her again, failing to respond to at least weekly telephone calls from her for a period of six months. He also did not refund the client's retainer. He

---

[6] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[7] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**
. . .
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

thus failed to act with reasonable diligence and promptness in pursuing the client's legal matter, in violation of SCR 20:1.3, failed to respond to her reasonable requests for information, in violation of SCR 20:1.4(a), violated SCR 20:1.16(d) by failing to return her retainer, and failed to provide a written response to the client's grievance and produce the client's file at the Board's request during its investigation, in violation of SCR 22.07(2) and (3) and 21.03(4).

¶ 10. Finally, Attorney Malloy was retained in July of 1993 to represent a client on an employment discrimination claim. After negotiations with the employer proved unsuccessful, Attorney Malloy failed to file the claim with the appropriate state agency by the statutory deadline. He then drafted a complaint and attempted to file it in federal court, but his check in payment of the filing fee that was drawn on his trust account was returned for insufficient funds. His second attempt to pay the filing fee resulted in a second check drawn on that account being dishonored, following which the court dismissed the complaint. Attorney Malloy did not inform his client of either the filing or of the dismissal of the complaint. His failure to act with reasonable diligence and promptness in representing this client violated SCR 20:1.3, and his failure to keep the client reasonably informed of the status of the matter violated SCR 20:1.4(a).

¶ 11. In recommending a one-year license suspension as discipline for that misconduct, the referee emphasized that Attorney Malloy's mishandling of client funds in his trust account was not intended for his own personal gain. The referee also noted that the misconduct established in this proceeding was substantially similar to the conduct for which he was publicly reprimanded in 1994 and that the reprimand

obviously was insufficient to impress upon Attorney Malloy the necessity of maintaining adequate records of trust account transactions and properly handling client funds coming into his possession.

¶ 12. In addition to the license suspension, the referee recommended that, as a condition of reinstatement of his license, Attorney Malloy be required to demonstrate affirmatively that he has corrected the problems that led to his professional misconduct. In that regard, the referee had noted that Attorney Malloy practices law with no support services other than an answering service and relies almost exclusively on oral communications with clients. The referee also asserted that he lacks an understanding of the purposes for detailed trust account records and the segregation of his own funds from those of his clients. The referee considered it significant that Attorney Malloy had not instituted any reforms in his practice while this disciplinary proceeding was pending.

¶ 13. We adopt the referee's findings of fact and conclusions of law and determine that the recommended one-year license suspension is appropriate discipline to impose for Attorney Malloy's professional misconduct. In addition, as a condition of reinstatement of his license following the period of suspension, Attorney Malloy shall establish to the satisfaction of the Board and the court that his practice of law will be conducted in such a way as to keep him in regular contact with his clients and ensure that he make scheduled court appearances and otherwise meet his obligations to clients and maintain the required record-keeping in respect to his client trust account. In the latter regard, we also impose upon Attorney Malloy as a condition of his continued practice for two years following reinstatement regular audits of his trust

account under supervision of the Board to ensure that his recordkeeping and handling of client funds is being carried out appropriately.

¶ 14.  IT IS ORDERED that the license of Robert T. Malloy to practice law in Wisconsin is suspended for a period of one year, commencing June 10, 1997.

¶ 15.  IT IS FURTHER ORDERED that, upon reinstatement of his license to practice law and for a period of two years thereafter, Robert T. Malloy shall submit to an audit of his client trust account, at his own cost, at least quarterly, as required by the Board of Attorneys Professional Responsibility.

¶ 16.  IT IS FURTHER ORDERED that within 60 days of the date of this order Robert T. Malloy pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Robert T. Malloy to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 17.  IT IS FURTHER ORDERED that Robert T. Malloy comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.