IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert T. MALLOY, Attorney at Law.

Supreme Court

*No. 96–3636–D. Filed October 1, 1997.*

(Also reported in 568 N.W.2d 638.)

¶ 1.   PER CURIAM.   We review the report of the
referee recommending that a three-month suspension

of the license of Robert T. Malloy to practice law in Wisconsin be imposed as discipline for professional misconduct, consecutive to the one-year license suspension we imposed on him in May, 1997. Attorney Malloy's misconduct in the instant proceeding consisted of his failure to act with reasonable diligence and promptness in representing clients, failing to return a client's unearned fee upon termination of representation, failing to comply promptly with reasonable requests for information and keep clients reasonably informed of the status of their legal matters he was handling, and failing to respond to the Board of Attorneys Professional Responsibility (Board) in its investigation of misconduct allegations.

¶ 2. We determine that the professional misconduct established in this proceeding warrants the three-month license suspension recommended by the referee. The misconduct in three of the four matters occurred after the prior disciplinary proceeding had been commenced. Notwithstanding that pending proceeding, Attorney Malloy continued to violate the Rules of Professional Conduct for Attorneys in significant and substantial degree.

¶ 3. Attorney Malloy was admitted to practice law in Wisconsin in 1992 and practiced in Milwaukee. In July, 1994, he consented to a public reprimand from the Board as discipline for failing to appear at municipal court trials on behalf of three clients, failing to appear at a hearing on the court's order to show cause why he should not be held in contempt for his failure to appear at one of those trials, failing to maintain complete and accurate trust account records of client funds, commingling his personal and business funds with client funds in his trust account, and continuing to practice law while administratively suspended for non-

payment of State Bar dues. Effective June 10, 1997, the court suspended his license to practice law for one year as discipline for mishandling client funds and commingling his own funds with them, failing to keep required trust account records, failing to respond to requests from clients for information concerning their matters, repeatedly failing to file or pursue legal matters for which he was retained, failing to refund unearned retainers promptly, and his repeated failure to cooperate with the Board in its investigation of client grievances. *In re Disciplinary Proceedings Against Malloy*, 209 Wis. 2d 264, 562 N.W.2d 147 (1997). In addition to that suspension, the court conditioned reinstatement of his license on the condition that for two years following reinstatement his client trust account be audited at least quarterly at his own expense, as the Board may require.

¶ 4. When Attorney Malloy failed to file an answer to the Board's complaint in the instant proceeding, the referee, Attorney Jean DiMotto, (now Milwaukee country circuit judge) granted the Board's motion for default judgment and made findings of fact and conclusions of law as follows. In December, 1994, a divorce was granted to Attorney Malloy's client, and the court ordered him to prepare findings of fact, conclusions of law and a judgment of divorce. The document he submitted was inadequate, and the court returned it to him for correction. The second document he submitted a week later still was incorrect, and it was returned to him with a letter from the family court commissioner clerk setting forth three corrections to be made. Attorney Malloy did not resubmit the document for nine months, notwithstanding letters and telephone calls from the family court commissioner's office reminding him to do so. When he did resubmit the

document, it was the same as the one he originally submitted, with all of the original errors. The court again returned the document to him, with very specific instructions concerning the needed corrections.

¶ 5.    Attorney Malloy did not submit another document for four months, and then only after the court issued two orders to show cause for contempt, to the first of which Attorney Malloy did not respond. The document he ultimately submitted also was defective, but the family court commissioner wrote by hand the necessary additions and marked deletions on the document and submitted it to the court for approval. The judge signed that document in October, 1996, more than 22 and one-half months after the divorce had been granted.

¶ 6.    Attorney Malloy did not respond to letters from the Board notifying him of a grievance filed against him for his conduct in this matter. While participating in a scheduling conference in the prior disciplinary proceeding, he told Board counsel he would make an appointment to discuss this and three other grievances but never did so.

¶ 7.    In a second matter, Attorney Malloy failed to appear in court on two criminal matters with which his client was charged. He attempted to return the $250 retainer he received for that representation but was unsuccessful, as his arrangements to visit the client in prison were not in order and he was refused admission. He subsequently sent a check to the client for the retainer, but the client returned it, as he was seeking payment in a larger amount. Attorney Malloy did not respond to the Board's requests for information in this matter and did not schedule a meeting with the Board to discuss it.

¶ 8. A third matter concerned Attorney Malloy's representation of a client in July, 1996 in a civil action. Attorney Malloy did not respond to opposing counsel's request for admissions, a second set of interrogatories and a request for production of documents. He also did not respond to several inquiries from the client asking for information about a court date and did not inform the client of the date set by opposing counsel for her deposition. Instead, he telephoned opposing counsel on the morning of the scheduled deposition and said he could not participate because of an emergency. He did not tell the client of the rescheduled deposition until the day preceding it. The client terminated his representation and retained other counsel. The client incurred a penalty of $250 paid to opposing counsel for failure to comply timely with discovery requests while Attorney Malloy represented her. Attorney Malloy did not respond to Board inquiries into the matter and did not arrange to meet with the Board to discuss it.

¶ 9. In a fourth matter, Attorney Malloy was retained in June, 1996 to obtain return of the automobile belonging to his client's brother that was seized when the client was arrested. Attorney Malloy failed to file the necessary documents timely, and the government kept the car. The client attempted to contact Attorney Malloy by telephone on more than 20 occasions to ask about the matter, but his calls were not returned. Attorney Malloy also did not respond to the Board's inquiries into this matter.

¶ 10. On the basis of these facts, the referee concluded as follows. Attorney Malloy's failure to file correct final divorce papers for more than 18 months constituted a failure to act with reasonable diligence and promptness in representing the client, in violation

of SCR 20:1.3.[1] His failure to appear in court on behalf of his client in the criminal matter constituted a failure to act with reasonable diligence in representing him, in violation of SCR 20:1.3, and his failure to return the client's retainer violated SCR 20:1.16(d).[2] Attorney Malloy failed to keep his client reasonably informed about the status of the civil matter, in violation of SCR 20:1.4(a).[3] He also failed to act with reasonable diligence and promptness in the matter and comply promptly with the client's reasonable requests for information in the automobile seizure, in violation of SCR 20:1.3 and 1.4. Finally, Attorney Malloy's repeated failure to respond to the Board and arrange to discuss matters under its investigation violated SCR 21.03(4)[4] and 22.07(2) and (3).[5]

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**
. . .
(d)   Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent reasonably necessary.

[3] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[4] SCR 21.03 provides, in pertinent part:

**General principles.**

654

¶ 11. As discipline for the foregoing misconduct, the referee recommended that the court suspend Attorney Malloy's license to practice law for three months consecutive to the license suspension that was imposed effective June 10, 1997. The referee noted that after the prior proceeding had been commenced, Attorney Malloy continued engaging in the same kind of misconduct that was under consideration in that proceeding, including his repeated failures to respond to and cooperate with the Board in its investigation of client grievances.

¶ 12. We adopt the referee's findings of fact and conclusions of law and determine that the recommended three-month license suspension is appropriate

---

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[5] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

discipline for Attorney Malloy's professional misconduct.

¶ 13. IT IS ORDERED that the license of Robert T. Malloy to practice law in Wisconsin is suspended for three months as discipline for professional misconduct, that suspension to commence June 10, 1998.

¶ 14. IT IS FURTHER ORDERED that within 60 days of the date of this order Robert T. Malloy pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Robert T. Malloy to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 15. IT IS FURTHER ORDERED that Robert T. Malloy comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.