IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert T. MALLOY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Robert T. MALLOY, Respondent.

Supreme Court

*No. 01–1480–D. Decided May 24, 2002.*

2002 WI 52

(Also reported in 644 N.W.2d 663.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney Robert T. Malloy, whose license to practice law is already suspended, receive a public reprimand for professional misconduct. In addi-

tion, the referee recommended that Attorney Malloy pay the costs of this proceeding.

¶ 2.   We determine that a public reprimand is appropriate discipline for Attorney Malloy's misconduct. We also order Attorney Malloy to pay the costs of this proceeding.

¶ 3.   The misconduct involved in this matter stems from Attorney Malloy's representation of a client in a divorce proceeding and consists of failing to act with reasonable diligence in representing a client and failing to surrender papers and property to which a former client is entitled.

¶ 4.   Attorney Malloy was admitted to practice law in Wisconsin in 1992. He has a significant disciplinary history, which was summarized in a stipulation executed by Attorney Malloy and the Office of Lawyer Regulation (Board)[1] as follows:

- In 1997, the Supreme Court suspended Attorney Malloy's license for three months, consecutive to an earlier one-year suspension (see bullet-point below), as discipline for his failure to act with reasonable diligence and promptness in representing clients, failing to return a client's unearned fee upon termination of repre-

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed from Board of Attorneys Professional Responsibility (BAPR) to the Office of Lawyer Regulation (OLR) and the supreme court rules applicable to the lawyer regulation system were also revised. Most of the conduct giving rise to this complaint occurred prior to October 1, 2000. The investigating body will be referred to herein as the "Board." However, references to supreme court rules will be to those currently in effect unless specifically noted.

sentation, failing to comply promptly with reasonable requests for information and keep clients reasonably informed of the status of their legal matters he was handling, and failing to respond to the (former) Board of Attorneys Professional Responsibility (Board) in its investigation of misconduct allegations. *Disciplinary Proceedings Against Malloy,* 212 Wis. 2d 649, 568 N.W.2d 638 (1997).

• Earlier in 1997, the Supreme Court suspended Attorney Malloy's license for one year as discipline for his mishandling client funds and commingling for his own funds with them, failing to keep required trust account records, failing to respond to requests from clients for information concerning their matters, repeatedly failing to file or pursue legal matters for which he was retained, failing to refund unearned retainers promptly, and his repeated failure to cooperate with the Board in its investigation of client grievances. *Disciplinary Proceedings Against Malloy,* 209 Wis. 2d 264, 562 N.W.2d 147 (1997).

• In 1994, Attorney Malloy consented to a public reprimand from the Board as discipline for failing to appear at municipal court trials on behalf of three clients, failing to appear at a hearing on the court's order to show cause why he should not be held in contempt for his failure to appear at one of those trials, failing to maintain complete and accurate trust account records of clients funds, commingling his personal and business funds with client funds in his trust account, and continuing to practice law while administratively suspended for nonpayment of State Bar dues.

¶ 5.   More recently, by order dated September 21, 2001, this court denied Attorney Malloy's petition for reinstatement of his license to practice law.

¶ 6.   Turning to the matter presently before the court, the referee's factual findings are also derived from the stipulation executed by the parties. The client

hired Attorney Malloy on August 10, 1993, to represent her in a divorce proceeding. The court granted the client's divorce on August 17, 1994. As the attorney for the moving party, Attorney Malloy was required to draft and file findings of fact, conclusions of law, and a written judgment within 30 days after the divorce judgment was granted. Wis. Stat. § 767.37(1)(a). He failed to do so. In fact, he never filed the documents.

¶ 7. On December 27, 1995, approximately 19 months after the court had granted the divorce, the circuit court sent Attorney Malloy a letter advising him that he had failed to file the documents and directing him to file them within 15 days. Attorney Malloy spoke to the judge's law clerk and indicated that he was having difficulty accomplishing this task. In any event, he neither filed the documents nor otherwise responded to the court's letter. The client also asked Attorney Malloy to file the necessary documents. Again he failed to do so. Because of Attorney Malloy's failure to file the documents, the client was unable to file a contempt motion against her ex-husband for failure to pay child support that had been ordered by the court at the hearing on August 17, 1994.

¶ 8. In 1997 the client consulted another lawyer about filing the necessary documents to finalize her divorce. The lawyer made several attempts to communicate with Attorney Malloy about obtaining the client's file but Attorney Malloy failed to return his phone calls and failed to give him the file. On May 12, 1997, the client's new lawyer wrote the trial court advising the court of the difficulty he was having obtaining the file. He copied Attorney Malloy on the letter. Attorney Malloy never provided either the lawyer or the client with her file.

¶ 9. In August 1997 Attorney Malloy advised the Board that he was sending the file to the client's new lawyer, but he failed to do so.

¶ 10. Ultimately, in order to finalize her divorce, the client was required to pay for a transcript of the August 17, 1994, hearing. After receiving the transcript she filed pro se findings of fact, conclusions of law, and written judgment in February 1998—three and a half years after the court had granted her divorce.

¶ 11. On June 1, 2001, the Board commenced this disciplinary proceeding with the filing of a complaint against Attorney Malloy. The complaint alleged that Attorney Malloy had engaged in two counts of professional misconduct.

¶ 12. First, the Board alleged that Attorney Malloy violated SCR 20:1.16(d) by failing to surrender papers and property to which a former client is entitled.[2] Second, the Board alleged that Attorney Malloy violated SCR 20:1.3 by failing to act with reasonable diligence in representing a client.[3] Attorney Malloy filed an answer generally denying the allegations.

¶ 13. On October 30, 2001, the parties filed a jointly executed stipulation agreeing to the facts set forth above and stating that it was further agreed that an appropriate level of discipline for Attorney Malloy's

[2] SCR 20:1.16(d) provides that:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[3] SCR 20:1.3 provides: "Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client."

professional misconduct was imposition of a public reprimand and an order that Attorney Malloy pay the costs of the proceeding. The stipulation explicitly notes that it was not the result of a plea bargain and that it reflected neither a reduction of the charges nor a reduction of the level of discipline originally sought by the Board.

¶ 14.   The referee issued written findings of fact and conclusions of law consistent with the terms of the stipulation, concluding, on the basis of the facts set forth on the stipulation, that Attorney Malloy violated SCR 20:1.3 and SCR 20:1.16(d). Attorney Malloy did not appeal the report and recommendation.

¶ 15.   On February 21, 2002, this court issued an order to show cause, directing the Board and Attorney Malloy to explain why more severe discipline, and/or restitution to the client should not be imposed by the court. The parties responded to the satisfaction of the court, with the Board explaining that it did not discern uncompensated harm to the client with enough clarity to request restitution in this case.

¶ 16.   Accordingly, we adopt the referee's findings of fact, conclusions of law, and recommendation with respect to Attorney Malloy. Attorney Malloy's misconduct with respect to his handling of this matter is a serious failing. As discipline for the professional misconduct we impose a public reprimand and order Attorney Malloy to pay the costs of this proceeding, as recommended by the referee.

¶ 17.   IT IS ORDERED that Attorney Robert T. Malloy be publicly reprimanded for his professional misconduct.

¶ 18.   IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Robert T. Malloy shall pay to the Office of Lawyer Regulation the costs of

this proceeding in the amount of $1266.74. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney Robert T. Malloy to practice law in Wisconsin shall remain suspended until further order of the court.