SHIRLEY S. ABRAHAMSON, J.
¶ 41. (concurring). I write separately to point out that this decision seems to continue a trend of this court's imposing too light discipline following the parties' entry into a stipulation. See, e.g., In re Disciplinary Proceedings Against Krogman, 2015 WI 113, 365 Wis. 2d 628, 872 N.W.2d 657 (Abrahamson, J., dissenting); In re Disciplinary Proceedings Against Crandall, 2015 WI 111, 365 Wis. 2d 682, 872 N.W.2d 649 (Abrahamson, J., dissenting).
¶ 42. I am concerned that the stipulation has become a way to engage in plea (including sentencing) negotiations forbidden by this court. The court has written:
*95 [W]e note that the OLR is not authorized to plea bargain disciplinary matters, although it may enter into stipulations of fact and law and jointly request the imposition of a certain level of discipline that is supported by the particular facts of a matter. See, e.g., In re Disciplinary Proceedings Against Barrock, 2007 WI 24, ¶ 5, 299 Wis. 2d 207, 727 N.W.2d 833; In re Disciplinary Proceedings Against Robinson, 2007 WI 17, ¶ 5, 299 Wis. 2d 49, 726 N.W.2d 896; In re Disciplinary Proceedings Against Paul, 2007 WI 11, ¶ 22, 298 Wis. 2d 629, 726 N.W.2d 253; In re Disciplinary Proceedings Against Morrissey, 2005 WI 169, ¶ 27, 286 Wis. 2d 579, 707 N.W.2d 142; In re Disciplinary Proceedings Against Malloy, 2002 WI 52, ¶ 13, 252 Wis. 2d 597, 644 N.W.2d 663.
¶ 43. I concur rather than dissent because it is too cumbersome for the court to reject a stipulation.
¶ 44. I advocated for the creation of a committee to review the procedures of the OLR and recommend changes.[1] A majority of the justices finally created such a committee. I would hope that the Office of Lawyer Regulation Procedure Review Committee studies both plea negotiations and stipulations.
¶ 45. Unfortunately, the Committee was formed without any input from the bench, bar, or public.
*96 ¶ 46. The members of the Committee are:
• Hon. (ret.) Gerald Ptacek (chair)
• Attorney Michael Apfeld (Godfrey & Kahn)
• Mr. Mark Baker (WS Darley & Co.)
• Attorney Rick Esenberg (Wisconsin Institute for Law & Liberty)
• Attorney Edward Hannan (Hannan Legal LLC)
• Attorney Amy Jahnke (Anderson, O'Brien, Bertz, Skrenes & Golla LLP)
• Attorney Terry Johnson (Peterson, Johnson & Murray SC)
• Attorney Catherine La Fleur (La Fleur Law Office SC)
• Attorney Frank LoCoco (Husch Blackwell LLP)
• Professor Michael McChrystal (Marquette University Law School)
• Attorney David Meany (Wisconsin Department of Justice)
• Attorney Jennifer Nashold (Wisconsin Division of Hearings & Appeals)
• Attorney Joseph Ranney (DeWitt Ross & Stevens SC)
• Attorney Jacquelynn Rothstein (Board of Bar Examiners)
• Attorney Carrie Schneider (Outagamie County District Attorney's Office)
• Attorney Paul Schwarzenbart (Stafford Rosen-baum LLP)
*97 • Attorney Christopher Sobic (State Public Defender's Office)
• Attorney Rod Rogahn (Rogahn Jones LLC)
• Hon. David Wambach (Jefferson County Circuit Court Judge)
¶ 47. Unfortunately the Committee has only one public member. No charge was provided to the Committee, but it has adopted a mission statement.[2] No time has been proposed within which the committee is to complete its work. Unfortunately, the committee has no web site and does not publicly announce its meetings or distribute its minutes widely. Fortunately, the committee has an able reporter—Attorney Marsha Mansfield of the University of Wisconsin Law School faculty.
f 48. I hope that the Committee's work will be more public and will benefit from public participation to improve the procedures for disciplining lawyers, for both the public and for lawyers.
¶ 49. For the reasons set forth, I write separately.

 See, e.g., In re Disciplinary Proceedings Against Osicka, 2014 WI 34, ¶ 38, 353 Wis. 2d 675, 847 N.W.2d 333 (Abrahamson, C.J., concurring); In re Disciplinary Proceedings Against Osicka, 2014 WI 33, ¶ 37, 353 Wis. 2d 656, 847 N.W.2d 343 (Abrahamson, C.J., concurring); In re Disciplinary Proceedings Against Johns, 2014 WI 32, ¶¶ 68-76, 353 Wis. 2d 746, 847 N.W.2d 179 (Abrahamson, C.J., dissenting); In re Disciplinary Proceedings Against Kratz, 2014 WI 31, ¶¶ 73-75, 353 Wis. 2d 696, 851 N.W.2d 219 (Abrahamson, C.J., concurring); Rule Petition 15-01, In the Matter of the Review of the Office of Lawyer Regulation (petition filed Feb. 6, 2015; dismissed by a vote of the majority of the court Dec. 21, 2015).

 "It is the mission of the OLR Procedure Review Committee to review OLR procedures/process and structure and to report to the Wisconsin Supreme Court recommendations for changes to the current Supreme Court rules that would increase the efficiency and effectiveness of the OLR procedures/ process."