# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 1996AP1300-D & 1996AP3636-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Robert T. Malloy, Attorney at Law.<br><br>Office of Lawyer Regulation f/k/a Board of Attorneys Professional Responsibility, Complainant,<br>    v.<br>Robert T. Malloy,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST MALLOY

| | |
|---|---|
| OPINION FILED: | February 26, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

Nos. 1996AP1300-D
      1996AP3636-D

STATE OF WISCONSIN    :    IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Robert T. Malloy, Attorney at Law.**

**Office of Lawyer Regulation f/k/a Board of Attorneys Professional Responsibility,**

      **Complainant,**

    **v.**

**Robert T. Malloy,**

      **Respondent.**

**FILED**

**FEB 26, 2019**

Sheila T. Reiff
Clerk of Supreme Court

Attorney reinstatement proceeding. *Reinstatement granted with conditions*.

¶1 PER CURIAM. We review a report filed by Referee Dennis J. Flynn recommending that the court reinstate the license of Robert T. Malloy to practice law in Wisconsin with certain conditions. Upon careful review of the matter we agree that Attorney Malloy's license should be reinstated with certain conditions, as described herein. We hold in abeyance until further order of the court our determination as to whether Attorney Malloy should be required to pay the full costs of the

reinstatement proceeding, which are $6,362.17 as of December 4, 2018.

¶2 Attorney Malloy was admitted to practice law in Wisconsin in 1992. He was a sole practitioner in Milwaukee with a general practice. In 1994, Attorney Malloy received a public reprimand for failing to appear for court hearings and mismanaging a trust account. Public Reprimand of Robert T. Malloy, No. 1994-8 (electronic copy available at https://compendium.wicourts.gov/app/raw/000327.html). In 1997, his law license was suspended for one year for mishandling client funds, comingling personal funds in his trust account, failing to keep proper trust records, lack of diligence, lack of communication with clients, failure to promptly refund unearned fees and repeated failure to cooperate with the Office of Lawyer Regulation's (OLR) investigations. In re Disciplinary Proceedings Against Malloy, 209 Wis. 2d 264, 562 N.W.2d 147 (1997). During that suspension, another disciplinary complaint was filed, alleging misconduct including a lack of diligence, lack of communication, failure to promptly refund unearned fees, and failure to cooperate with the disciplinary investigation. This proceeding resulted in an additional three-month suspension that was imposed consecutive to the one-year suspension. In re Disciplinary Proceedings Against Malloy, 212 Wis. 2d 649, 568 N.W.2d 638 (1997).

¶3 In April 2000, Attorney Malloy filed an unsuccessful petition for reinstatement. OLR v. Malloy, 1996AP1300 and

2

1996AP3636, unpublished order (S. Ct. Sept. 21, 2001). This court accepted the referee's recommendation that reinstatement was not warranted because Attorney Malloy had failed to comply fully with the requirements of SCR 22.26. In addition, the referee concluded that Attorney Malloy had not established that his resumption of the practice of law would not be detrimental to the administration of justice or subversive of the public interest and had not established that he had the moral character to practice law in Wisconsin. Id.

¶4 The reinstatement proceeding prompted the OLR to reopen a pending grievance regarding Attorney Malloy's handling of a divorce proceeding, including failure to file certain documents, and failure to provide the client file to successor counsel. This court publicly reprimanded Attorney Malloy for that misconduct. In re Disciplinary Proceedings Against Malloy, 2002 WI 52, 252 Wis. 2d 597, 644 N.W.2d 663. In addition to his disciplinary suspension, Attorney Malloy's law license is also administratively suspended for noncompliance with continuing legal education requirements and for failure to pay State Bar dues.

¶5 On December 27, 2017, Attorney Malloy filed a second petition seeking the reinstatement of his Wisconsin law license. The OLR conducted an investigation during which it contacted eight individuals familiar with Attorney Malloy, including employers, attorneys, and friends; their recommendations were "impressive." In July 2018, the OLR filed a thorough response

stating it did not oppose Attorney Malloy's reinstatement, but recommended two conditions on his practice: (1) that Attorney Malloy attend the OLR's trust account seminar, and (2) provide the OLR with quarterly trust account and business accounting records for two years.

¶6    The referee conducted a one-day evidentiary hearing on August 28, 2018, in Milwaukee.  The parties stipulated to the admission of certain exhibits and Attorney Malloy testified.  He expressed remorse for his misconduct in the past and for his defiant approach to the initial investigation by the OLR.  He answered a number of questions about the nature of his work since the date of his license suspension.  No other witnesses appeared.

¶7    On November 14, 2018, after some delay while Attorney Malloy confirmed he had satisfied all continuing legal education requirements, the referee issued a report concluding that Attorney Malloy had satisfied his burden of proof and had met the requirements for reinstatement set forth in Supreme Court Rule (SCR) 22.31.  The referee recommends reinstatement with certain conditions.

¶8    No appeal has been filed from the referee's report and recommendation so our review proceeds under SCR 22.17(2).[1]  When

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional

(continued)

4

we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶9  Supreme Court Rule 22.31(1) provides the standards to be met for reinstatement. The petitioner must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest, and that he or she has complied with SCR 22.26 and the terms of the order of suspension. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(4m). Thus, the petitioning attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

¶10 The referee found that Attorney Malloy desires to have his license reinstated and that during the period of his

findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

5

suspension, Attorney Malloy has not practiced law in Wisconsin.[2] The referee found that Attorney Malloy has maintained competence and learning in the law by attending identified educational activities.[3]  The referee specifically found that Attorney Malloy's conduct since the suspension has been exemplary and above reproach and that Attorney Malloy has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards.[4]  In support of these findings, the referee noted Attorney Malloy's remorse for his past misconduct, his current cooperation with the OLR, his stable life, which Attorney Malloy attributes to his long-term marriage, his wife's

---

[2] SCR  22.29(4)(a)-(b).  Much  of  the  testimony  at  the evidentiary  hearing  involved  Attorney  Malloy's  work  history since 2001.  Generally, he worked in the area of finance and other areas that are ancillary to the practice of law.  He also worked at a family business and did some tax work and some debt resolution work for customers.  The OLR sought to ensure that none of his work constituted the unauthorized practice of law. The record supports the conclusion that Attorney Malloy did not practice law during his license suspension and that he has complied with the requirements of SCR 22.26.  SCR 22.29(4)(c), (h), (k).

[3] SCR  22.29(4)(d).  Although  Attorney  Malloy  had  attended  a significant  number  of  legal  seminars,  there  was  some  delay obtaining the Board of Bar Examiners (BBE) letter regarding the petitioner's  compliance  with  Wisconsin's  law  education requirements,  because  certain  ethics  credits  were  still required.   After  the  evidentiary  hearing,  Attorney  Malloy completed  this  requirement  and  the  referee  received  the requisite BBE continuing legal education compliance letter, dated November 6, 2018.

[4] SCR 22.29(4)(e)-(f).

positive influence, and his openness with family and friends about his prior misconduct. The referee observed that Attorney Malloy has considered how new technology might help him today in the management and organization of his new law practice. Attorney Malloy also expressed a commitment to careful client selection, if reinstated. The referee expressed some concern that Attorney Malloy might be shifting blame for his past misconduct on the "demands" of low income and pro bono clients, but ultimately concluded that Attorney Malloy has the moral character to practice law, and that his resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

¶11 Attorney Malloy has represented that if his license to practice law is reinstated, he would practice in the areas of tax, finance, estate planning and probate.[5] Beyond those specific areas he noted that he would use retainer agreements that would set clear parameters regarding the scope of his law work. On balance, the referee concluded that Attorney Malloy can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts. SCR 22.29(4)(g).

---

[5] SCR 22.29(4)(j).

7

¶12 Twenty years have elapsed since Attorney Malloy's law license was suspended by this court, and 17 years since he was last disciplined. This court agrees with the referee that Attorney Malloy has met his burden of proof with respect to all elements needed to justify his reinstatement.

¶13 We turn to the question whether it is appropriate to impose certain conditions on Attorney Malloy's practice of law. The referee concluded that conditions should be imposed on Attorney Malloy's license because his previous misconduct was substantial and protracted. The referee stated, "[h]is conduct reflected a lack of understanding of his responsibilities as a lawyer." Given the length of time that has elapsed, the referee concluded that some additional education was appropriate and that, "monitoring of his Trust Account and business accounts will help to insure that Respondent's past practice problems do not reappear and impact his future rendition of legal services to the public and in the Courts of this State."

¶14 The two conditions proposed by the OLR, to which Attorney Malloy does not object, are appropriate and we impose them, namely, attendance at an OLR Trust Account Seminar and quarterly submission to the OLR of his trust accounts and business records for a period of two years following his reinstatement.

¶15 The referee also proposed the following condition:

Attorney Malloy should be required to repay any funds due to [L.K.], if in fact there are any funds due to her as a result of his past misconduct. It is understood that Attorney Malloy believed that his past

8

payment of $500.00 to the Fund was for the purpose of compensating L.K.  However, those funds were paid by the Fund to a different claimant.

¶16  Our rules require an attorney seeking reinstatement to demonstrate that the lawyer has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin Lawyers' Fund for Client Protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do.  SCR 22.29(4)(4m).  Attorney Malloy testified that he had done so.  During the evidentiary hearing, there was some discrepancy as to whether one client, L.K., was in fact reimbursed.  The referee said this:

> [T]he credible evidence indicates that Attorney Malloy does not owe any restitution.  He has paid $500 to the Lawyers' Fund for Client Protection (hereinafter the Fund).  This sum was for reimbursement to [L.B] as a result of an approval by the Fund on 5 November 1997.  Respondent indicated that he believed the $500.00 he paid was to go to [L.K.], one of the Grievants whose matter was addressed in the 2nd disciplinary proceeding captioned 96-3636-D.  As a result it appears that a sum may still be due to [L.K.]. This is noted but it does not act to impugn Respondent's fitness to be reinstated to the practice of law, since he believed that this reimbursement had been made.

(Emphasis added).  The referee concluded that Attorney Malloy had satisfied the requirement of SCR 22.29(4)(4m).  We agree.

¶17  The referee then observed that, "this [restitution] obligation, if it exists, should be paid by Respondent." (Emphasis added).  The referee's finding that Attorney Malloy does not owe any restitution is inconsistent with the

observation that "a sum might still be due to L.K." We observe that the OLR unequivocally asserts that Attorney Malloy does not owe restitution. See OLR's SCR 22.30(2) Response filed July 30, 2018 at 20. We conclude that there is not sufficient record evidence to sustain a finding that restitution is owed to L.K. and we decline to impose this condition upon Attorney Malloy's reinstatement.

¶18 Finally, we hold in abeyance our decision regarding whether Attorney Malloy should pay the full costs of the proceeding, which are $6,362.17 as of December 4, 2018. By order dated February 19, 2019, we have directed the OLR to provide this court with an itemization of the fees and costs and a decision will issue by separate order in due course.

¶19 IT IS ORDERED that the license of Robert T. Malloy to practice law in Wisconsin is reinstated effective the date of this order.

¶20 IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law in Wisconsin, Robert T. Malloy shall, until further order of the court, comply with the following conditions:

- Robert T. Malloy is required to attend the Office of Lawyer Regulation Trust Account seminar as soon as possible following his reinstatement.
- Robert T. Malloy is required to provide quarterly trust account and business accounting records to the Office of

Lawyer Regulation for a period of two years after the date of his reinstatement.

¶21  IT IS FURTHER ORDERED that the question of the costs to be imposed on Attorney Malloy remains under advisement and a decision will issue on further order of the court.

¶22  IT IS FURTHER ORDERED that the administrative suspension of Robert T. Malloy's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues and for noncompliance with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).

¶23  IT IS FURTHER ORDERED that compliance with all of the terms of this order remains a condition of Robert T. Malloy's license to practice law in Wisconsin.