# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP1259-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Michael R. Bauer, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>　　　　　Complainant-Respondent,<br>　　v.<br>Michael R. Bauer,<br>　　　　　Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST BAUER

| | |
|---|---|
| OPINION FILED: | November 24, 2020 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| 　COURT: | |
| 　COUNTY: | |
| 　JUDGE: | |

JUSTICES:
Per Curiam.
NOT PARTICIPATING:
KAROFSKY, J. did not participate.

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2016AP1259-D

STATE OF WISCONSIN                    :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Michael R. Bauer, Attorney at Law:**

**Office of Lawyer Regulation,**

           **Complainant-Respondent,**

      **v.**

**Michael R. Bauer,**

           **Respondent-Appellant.**

**FILED**

**NOV 24, 2020**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding.  *Reinstatement granted upon conditions.*

¶1  PER CURIAM.  We review a report filed by Referee James C. Boll recommending that the court reinstate the license of Michael R. Bauer to practice law in Wisconsin with certain conditions.  No appeal has been filed from the referee's report and recommendation.  Accordingly, our review proceeds pursuant to Supreme Court Rule (SCR) 22.33(3).[1]  Upon careful review of

---

[1] SCR 22.33(3) provides:  "If no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

the matter we adopt the referee's findings and conclusions and agree that Attorney Bauer's petition for reinstatement should be granted upon the recommended conditions as described below. We also direct that the costs of this current reinstatement proceeding, totaling $4,093.40, be paid by Attorney Bauer.

¶2 Attorney Bauer was admitted to practice law in Wisconsin in 1988. He practiced law in Madison. He also owned a business, Sports Advisors, Inc., which related to his work as an agent for several National Football League players. Before the complaint giving rise to his current license suspension Attorney Bauer had not previously been subject to professional discipline.

¶3 On June 24, 2016, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint against Attorney Bauer alleging 28 counts of professional misconduct. The complaint alleged that between December 2013 and October 2014, Attorney Bauer mishandled client funds held in trust, comingled personal funds in his trust account, failed to keep proper trust account records, exercised a lack of diligence, failed to properly communicate with clients, failed to promptly refund unearned fees and repeatedly failed to cooperate with the OLR's investigations. Ultimately, following litigation, it was determined that Attorney Bauer committed 22 counts of misconduct and converted $376,818.63. In re Disciplinary Proceedings Against Bauer, 2018 WI 49, 381 Wis. 2d 474, 912 N.W.2d 108. Although the dollar amount is staggeringly high, it bears noting

2

that it was undisputed that Attorney Bauer's clients received all monies due to them.

¶4 On April 5, 2019, Attorney Bauer filed a petition seeking the reinstatement of his Wisconsin law license. The OLR conducted an investigation and initially opposed the petition. The court appointed Referee Boll, who conducted an evidentiary hearing on November 12, 2019, in Madison. Attorney Bauer testified and presented several character witnesses who voiced support for his reinstatement.

¶5 On December 12, 2019, the referee issued a report concluding that Attorney Bauer had satisfied his burden of proof and had met the requirements for reinstatement set forth in SCR 22.31.[2] The referee recommends reinstatement with certain conditions, and the imposition of costs.

---

[2] SCR 22.31(1) provides the petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

¶6 When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶7 During review, the court ascertained that Attorney Bauer had commenced a voluntary Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Wisconsin. Michael R. Bauer and Kathleen R. LaRocque, 3-19-13610-bhl. On January 23, 2020, Attorney Bauer's former law partner, Attorney Daniel P. Bach, filed in that bankruptcy proceeding a "complaint to determine dischargeability of a debt" seeking an order excepting the debt owed to Attorney Bach from discharge under 11 U.S.C. § 523(a)(2)(B), 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6), and for a judgment in the amount of $678,900.87 "representing treble damages . . . on the $226,300.29 paid by [Attorney Bach] due to Bauer's actions." Attorney Bach's claim clearly related to this disciplinary proceeding. Accordingly, on February 18, 2020, the court ordered the parties to advise the court why the reinstatement petition should not be held in abeyance pending resolution of the bankruptcy proceeding.

¶8 On February 26, 2020, the OLR filed a statement agreeing that the matter should be held. On March 3, 2020, Attorney Bauer filed a two-page statement asking the court to decide the reinstatement "based upon the facts found by the Referee in its decision dated December 9, 2019." On May 19,

4

2020 we held the reinstatement petition in abeyance pending resolution of the bankruptcy proceeding. On September 15, 2020, Attorney Bauer advised the court that the dispute involving Attorney Bach had been resolved. The OLR confirmed this statement in a report filed on October 1, 2020. The parties agree the court may proceed with Attorney Bauer's reinstatement petition.

¶9 Supreme Court Rule 22.31(1) sets forth the standards to be met for reinstatement. The petitioner must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest, and that he or she has complied with SCR 22.26 and the terms of the order of suspension. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(k) and (4m).[3] Thus,

---

[3] SCR 22.29(4)(a)-(k) and (4m) provides that a petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

5

the petitioning attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

¶10  The referee found that Attorney Bauer:  desires to have his license reinstated, 22.29(4)(a); has not practiced law in Wisconsin during the period of his suspension, SCR 22.29(4)(b); has complied fully with the terms of the order of suspension or revocation and will continue to comply with

---

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

them until his license is reinstated, SCR 22.29(4)(c); and has maintained competence and learning in the law by attending identified educational activities, SCR 22.29(4)(d).[4] The referee further found that Attorney Bauer's conduct since the suspension has been exemplary and above reproach, SCR 22.29(4)(e); he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards, SCR 22.29(4)(f); and that he can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts, SCR 22.29(4)(g). The referee found that Attorney Bauer has fully complied with the requirements set forth in SCR 22.26, SCR 22.29(4)(h); he has explained the proposed use of his law license if reinstated, SCR 22.29(4)(j);[5] and he has offered a full description of all of his business activities during the period of suspension,

---

[4] By memo dated May 6, 2019, the Board of Bar Examiners, based on the information that has been submitted by the petitioner, concluded the petitioner was currently in compliance with the court's CLE and EPR requirements for reinstatement. In addition, the petitioner voluntarily attended a seminar entitled Trust Account Management on April 26, 2018, conducted by the OLR.

[5] Attorney Bauer indicated that he will practice law in Wisconsin and focus on consumer and immigration matters. He may also seek training to mediate eminent domain disputes.

7

satisfying SCR 22.29(4)(k).[6]  The referee specifically found that Attorney Bauer has the moral character to practice law.

¶11 The referee observed that no restitution was ordered in the underlying disciplinary proceedings and noted that no claims were made to the Wisconsin Lawyers' Fund for Client Protection against Attorney Bauer.  Accordingly, the referee determined that Attorney Bauer has satisfied SCR 22.29(4m).  See also ¶¶7-8 (addressing resolution of Attorney Bach's claims against Attorney Bauer in the bankruptcy proceeding).

¶12 The referee addressed two particular concerns raised by the OLR:  his access to client trust accounts in light of his financial condition, namely a high level of debt, and the serious nature of Attorney Bauer's underlying misconduct.  The referee observed that debt alone is not a disqualifying factor for reinstatement.  However, where previous misconduct coupled with strained personal finances creates an enhanced risk to the public, high debt levels may be a valid concern.  Here, the referee noted that Attorney Bauer had filed for bankruptcy which the referee accepted as evidence that Attorney Bauer had a viable plan to address his personal finances.  After the referee's report was filed, the bankruptcy court discharged most of Attorney Bauer's debts.

---

[6] Attorney Bauer testified that he engaged in no income producing business activities during the time period of his suspension.  He cared for his family and volunteered in the community.

¶13 In addition, the referee observed that Attorney Bauer testified that he would not object to reasonable conditions being placed on his reinstatement as it relates to his use of or access to client trust funds. The recommended conditions are designed, in part, to address these concerns.

¶14 The referee then considered the OLR's stated concern about the seriousness of the underlying misconduct. The referee acknowledged that Attorney Bauer's underlying misconduct was not the result of an honest mistake or sloppy bookkeeping. It was intentional and dishonest. Without discounting the seriousness of the underlying misconduct, the referee noted that Attorney Bauer has served the suspension imposed by this court and the referee was persuaded that Attorney Bauer's resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

¶15 We agree with the referee that Attorney Bauer has met his burden of proof with respect to all elements needed to justify his reinstatement. Moreover, his period of suspension has been over six months longer than ordered by this court because of the delays resulting from his underlying bankruptcy proceeding.

¶16 As stated by the referee in the underlying proceeding, for some reason, the "wheels came off" Attorney Bauer's trust account management practices in 2014. The conversions occurred between December 2013 and October 2014 and consisted of "labyrinthine transfers" that "seemed to constantly be in the process of 'robbing Peter to pay Paul' and, in some cases, to

pay Michael Bauer." However, once confronted, Attorney Bauer admitted guilt as to many of the allegations; no clients lost funds; he fully cooperated with the OLR investigation; and he expressed remorse for his misbehavior. He had no prior discipline over what had been an otherwise distinguished 20-year legal career.

¶17 The referee in this reinstatement proceeding observed that Attorney Bauer has expressed regret for his conduct and found that Attorney Bauer's testimony and the evidence adduced through the testimony of his character witnesses demonstrated that he has taken responsibility for his actions. He completed the OLR's Trust Account Management Seminar in 2018. We accept the referee's conclusion that Attorney Bauer's resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest and that he has met his burden of proof with respect to all elements needed to justify his reinstatement.

¶18 We agree, however that it is appropriate to impose certain conditions on Attorney Bauer's practice of law. We require Attorney Bauer to provide quarterly trust account and business accounting records to the OLR for a period of two years after the date of his reinstatement. As the referee observed, this requirement is consistent with conditions we have imposed in other attorney reinstatement proceedings where we sought to address concerns about trust account management. See, e.g., In re Disciplinary Proceedings Against Malloy, 2019 WI 16, 385 Wis. 2d 554, 923 N.W.2d 876; In re Disciplinary Proceedings

10

Against Mulligan, 2017 WI 50, 375 Wis. 2d 133, 895 N.W.2d 34; and In re Disciplinary Proceedings Against Curtis, 2018 WI 13, 379 Wis. 2d 521, 907 N.W.2d 91.

¶19 IT IS ORDERED that the license of Michael R. Bauer to practice law in Wisconsin is reinstated, effective the date of this order.

¶20 IT IS FURTHER ORDERED that, as a condition of the reinstatement of his license to practice law in Wisconsin, Michael R. Bauer is required to provide quarterly trust account and business accounting records to the Office of Lawyer Regulation for a period of two years after the date of this reinstatement.

¶21 IT IS FURTHER ORDERED that within 60 days of the date of this order, Michael R. Bauer shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $4,093.40 as of December 23, 2019, or enter into a payment agreement plan with the Office of Lawyer Regulation for the full payment of costs over a period of time.

¶22 IT IS FURTHER ORDERED that compliance with all of the terms of this order remains a condition of Michael R. Bauer's license to practice law in Wisconsin.

¶23 JILL J. KAROFSKY, J. did not participate.